VINCENT JIMINEZ, Appellant, v. THE STATE OF NEVADA, NEVADA DEPARTMENT OF PRISONS, an Agency of the STATE OF NEVADA, DOES I through V, inclusive, and DOE CORPORATIONS I through V, inclusive, Respondents.

No. 13298

May 12, 1982

644 P.2d 1023

*Pomeranz & Crockett,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, and *Ernest E. Adler,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Appellant, Vincent Jiminez, seeks reversal of an order dismissing his personal injury complaint for failure to comply with the statute of limitations. We reverse the order of dismissal and remand for further proceedings.

Jiminez, an inmate at the Nevada Department of Prisons in Carson City, was injured by a steel plate which fell on him at the prison on September 1, 1976. On August 24, 1978, appellant filed a complaint against:

> NEVADA DEPARTMENT OF PRISONS, an Agency of THE STATE OF NEVADA, DOES I through V inclusive and DOE CORPORATIONS I through V inclusive,
> Defendants.

The state was served on September 13, 1978. Respondent Nevada Department of Prisons (hereinafter "Department") moved pursuant to NRCP 12(b)(1) to dismiss the complaint for failure to name the State of Nevada as a party and consequent failure to invoke the subject matter jurisdiction of the court. *See* NRS 41.031, NRS 41.0337.

Following dismissal without prejudice, appellant filed an amended complaint naming the State of Nevada as a party on January 11, 1979. Respondents subsequently filed a motion to dismiss, and the district court granted the motion, finding that appellant had not complied with the one-year statute of limitations for claims against the state, NRS 11.190(5)(c). The district court also determined that assuming the one-year limitation period was inapplicable, appellant still had failed to file a complaint within the standard two-year limitation period of NRS 11.190(4)(e), because the amendment did not relate back to the original complaint. NRCP 15(c).

There is no dispute that the original complaint was filed well after the limitation period imposed by NRS 11.190(5)(c) and 41.036.[1] Nonetheless, we agree with appellant that the effect of

---

[1]NRS 41.036(2) provides in part:

> Every . . . claim [not arising out of contract] against the state or any of its agencies shall be presented to the ex officio clerk of the state board of examiners within 6 months. . . . He shall within 10 days deliver a copy of the claim to the risk management division of

our decision in Turner v. Staggs, 89 Nev. 230, 510 P.2d 879, *cert. denied* 414 U.S. 1079 (1973), was to overturn the one year limitation period of NRS 11.190(5)(c).[2]

[Headnote 1]

In *Turner,* we declared unconstitutional, on equal protection grounds, a statutory provision requiring plaintiffs injured by governmental tortfeasors (but not other plaintiffs) to give notice of a claim within six months of the incident as a condition precedent to bringing suit. That decision invalidated the notice of claims provision of NRS 41.036.[3] Although *Turner* is silent concerning the issue of disparate statutes of limitations, NRS 11.190(5)(c) depends, at least in part, on the invalid claims notice provision for commencement of the one-year limitation period. That portion of NRS 11.190(5)(c) referring to NRS 41.036 is likewise invalid.

[Headnote 2]

We conclude that the constitutionally unobjectionable portion of NRS 11.190(5)(c) is not severable from that part which was invalidated by our decision in *Turner. See* County of Clark v. City of Las Vegas, 92 Nev. 323, 550 P.2d 779 (1976). The offensive portion of NRS 11.190(5)(c) relating to the notice of claims provision could be excised and the remainder of the statute given legal effect. However, the remaining provision would

---

the department of administration, and refer the claim to the appropriate state agency, office or officer for investigation and report of findings to the board. No action may be brought unless the board refuses to approve or fails within 90 days to act upon the claim.

NRS 11.190 provides in part:

Actions other than those for recovery of real property . . . can only be commenced as follows:

. . .

5. Within 1 year:

. . .

(c) Actions or claims against the state not arising out of contract, after rejection by the state board of examiners or the expiration of the time limited for their failure to act by subsection 2 of NRS 41.036.

[2] NRS 11.190(5)(c) and 41.036(2) were amended in 1981 abolishing the notice of claims provision and the one year statute of limitations for personal injury claims against the state. NRS 11.190(4)(e) now provides for a two year limitation period to be imposed on claimants suing any tortfeasor for personal injury. The retroactivity of this amendment was not raised on appeal. We decline to address that issue *sua sponte,* and find it unnecessary to do so in light of our disposition of this case.

[3] Although our ruling in *Turner* specifically concerned NRS 244.245 and 244.250—claim statutes relating to actions against a county—that decision clearly had the effect of overturning other governmental claims statutes as well. *See* NRS 41.031, 41.036.

effectively impose a shorter period between injury and expiration of the limitation period than existed with the invalid claims notice provision. We will not presume that shortening the time available to bring a claim is consistent with the intent of the legislature in enacting NRS 41.031—"to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on equal footing with private tort-feasors." Turner v. Staggs, *supra* at 235, 510 P.2d at 882.

The effect of *Turner* is, as appellant argues, to overturn the one-year statute of limitations for tort claims against the state. Thus, the standard two-year tort statute of limitations is applicable. NRS 11.190(4)(e).

We need not decide whether the caption in the original complaint properly named the state as a party.

In any event, we are persuaded that the amended complaint should relate back to the original filing date. Where, as here, the failure to name the state in the original complaint was not a conscious election, but a mistake in nomenclature, we have allowed amendments to relate back to the original complaint when the proper defendant: (1) had actual notice of institution of the action; (2) knew that it was the proper defendant in the action; and (3) was not misled to its prejudice. Servatius v. United Resort Hotels, Inc., 85 Nev. 371, 373, 455 P.2d 621, 622-23 (1969). *See also,* Goodrich v. England, 262 F.2d 298 (9th Cir. 1958). Each of these criteria is met in the instant case. We find particularly compelling the fact that the state was served with the original complaint. *Compare* Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975).

The amended complaint related back to the filing of the original complaint and, therefore, Jiminez complied with the two-year statute of limitations of NRS 11.190(4)(e).

The complaint should not have been dismissed. We reverse the trial court's order and remand the case for further proceedings.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[4] concur.

---

[4]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.