RAE SERVATIUS AND FRED C. SERVATIUS, APPELLANTS, v. UNITED RESORT HOTELS, INC., A DELAWARE CORPORATION DOING BUSINESS AS AKU AKU, RESPONDENT.

No. 5666

June 11, 1969          455 P.2d 621

*Denton & Monsey,* of Las Vegas, for Appellants.

*Cromer and Barker,* of Las Vegas, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

Appellants seek reversal of a dismissal of their personal injury action against respondent. We agree, reverse the order of dismissal, and remand the cause for further proceedings.

Appellant Rae Servatius alleges she slipped and fell in the Aku Aku restaurant located on the grounds of the Stardust Hotel in Las Vegas. She and her husband filed an action two days prior to the running of the statute of limitations. After a check by their attorney at the Clerk's office in Clark County, they named as defendant Aku Aku, Inc., a Nevada corporation. After the action was barred by the statute, they moved to amend process and complaint by striking Aku.Aku, Inc. and inserting in lieu thereof United Resort Hotels, Inc., a Delaware corporation, doing business as Aku Aku.

Following service of the amended complaint on United Resort Hotels, Inc., respondent moved to dismiss the complaint on the grounds that the amended complaint named a new party defendant; that it did not relate back to the original complaint; and that the action against respondent was barred by the limitations on actions. The lower court agreed and dismissed the complaint.

The record shows that Joan D. Hays was resident agent for both Aku Aku, Inc., the Nevada corporation, and United Resort Hotels, Inc., the Delaware corporation, and was served in that capacity for both corporations; that both corporations have the same principal place of business; that there are four persons on the board of directors of Aku Aku, Inc.; that those same four persons, plus two others, constitute the board of directors of United Resort Hotels, Inc.; that the same law firm, at least for the purpose of this case, represents both corporations.

The single issue for our decision is this:

I.   Did the amended complaint merely correct a mistake in the name of a party already before the court or did it bring United Resort Hotels, Inc., in as a new party defendant?

1.   The rule is generally stated that:

"While an amendment may be made to correct a mistake

in the name of a party, a new party may not be brought into an action once the statute of limitations has run because such an amendment amounts to a new and independent cause of action." Martz v. Miller Brothers Co., 244 F.Supp. 246 (D. Del. 1965); see also Godfrey v. Eastern Gas & Fuel Associates, 71 F.Supp. 175 (D.Mass. 1947).

There appear to be three factors governing the determination when a "proper defendant" might be brought into an action by amendment even though the statute of limitations might have run. They are that the proper party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action, and (3) was not in any way misled to its prejudice. Martz v. Miller Brothers Co., supra; Taormina Corp. v. Escobedo, 254 F.2d 171 (5th Cir. 1958), cert. denied 358 U.S. 827 (1958); Nelson v. Glenwood Hills Hospitals, Inc., 62 N.W.2d 73 (Minn. 1953); Godfrey v. Eastern Gas & Fuel Associates, supra. Those factors are present here.

We are further persuaded to this holding under the particular facts of this case because of the inference that Aku Aku, Inc. tended to protect the true operator of the restaurant, United Resort Hotels, Inc., d/b/a Aku Aku, and confuse those who attempted to deal with the restaurant in its correct corporate identity.

We recognize there is considerable authority which might support a contrary decision, but in this limited situation we are not persuaded by it.

See also NRCP 15(a): ". . . leave [to amend] shall be freely given when justice so requires"; and 4(h): "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Moreover, this court has taken a conservative attitude toward the statute of limitations. In Howard v. Waale-Camplan & Tiberti, Inc., 67 Nev. 304, 217 P.2d 872 (1950), it was held:

"While the plea of the statute of limitations is not an unconscionable defense, it is not such a meritorious defense that either the law or the fact should be strained in aid of it, nor should this court indulge in any presumptions in its favor."

We therefore hold the amendment did not bring in a new

party defendant but merely correctly identified a party defendant already before the court.

The order of dismissal is reversed and the action remanded to the lower court for further proceedings.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.