ARDIS M. LUNN, Appellant, *v.* AMERICAN MAINTE-NANCE CORPORATION, a Nevada Corporation, Respondent.

No. 10824

October 27, 1980                    618 P.2d 343

*Deaner, Deaner & Reynolds* and *Embry & Shaner,* Las Vegas, for Appellant.

*Rose, Edwards, Hunt & Pearson, Ltd.,* Las Vegas, for Respondent.

**OPINION**

By the Court, MANOUKIAN, J.:

In this appeal from the trial court's partial dismissal of appellant Ardis M. Lunn's amended complaint for personal injuries, we are required to determine whether the court erred in ruling that the statute of limitations barred appellant's amended cause of action against a defendant who was originally pled under a Doe allegation. Finding no error, we affirm.

Appellant alleged in her initial complaint that on May 28, 1975 she slipped and fell in the common area of the Boulevard Mall Shopping Center in Las Vegas, and as a result incurred personal injuries. The complaint was filed on July 14, 1976, and included what has become a common "John Doe" para-

graph.[1] The complaint named Doktor's Pet Center, Chrysler Realty, Does I–X, and Roes I–X as defendants. It alleged that Doktor's Pet Center was negligent in allowing a liquid to flow from the store onto the common walkway. Furthermore, it alleged that all the defendants knew or should have known of the slippery condition and that they failed to inspect and remedy such situation.

On August 23, 1976, the appellant filed her first amended complaint which substituted Balcor Realty for Chrysler Realty as the owner of Boulevard Mall and reasserted in *hac verba* the paragraphs dealing with fictitious parties. Thereafter, on December 13, 1977, appellant filed the second amended complaint which substituted Dr. Arthur Statt for Doe I as the franchisee of Doktor's Pet Center. In addition, the complaint purported to substitute American Maintenance for Roe I as an agent hired to maintain the common area, and state a cause of action against all the defendants for negligence in causing or allowing the liquid substance to flow onto the common walkway.

American Maintenance successfully moved to dismiss the second amended complaint as to itself for failure to state a cause of action within the limitations period.[2] The district court in granting the motion, determined that the amendment constituted an attempt to add a new party, rather than simply substitute one. The court reasoned that American Maintenance had been inadequately described as Roe I in the original and first amended complaints. This effectively resulted in a new cause of action against a new defendant beyond the limitations period.

---

[1]Paragraph V of the complaint provides:

> Plaintiff is informed and believes that Does I through X are persons who were employed by Defendants, or associated with Defendants, who in the course of such an employment or association were negligent, and as a result of such negligence, the Plaintiff has suffered special and general damages as more fully set forth hereunder. At such time as the true names and identities of said Does I through X become known to Plaintiff she shall ask leave of the Court to amend her Complaint so as to set forth the true names of such persons.

Although NRCP 10(a) expressly authorizes the use of fictitious names, plaintiffs should not be lulled thereby into a false feeling of procedural security. *See* Craig v. United States, 413 F.2d 854 (9th Cir. 1969). *See also* Hill v. Summa Corporation, 90 Nev. 79, 81, 518 P.2d 1094, 1095 (1974); NRCP 15(c). Where, unlike the instant case, the designated but unnamed defendants are properly joined and described pursuant to NRCP 10(a), a subsequent amendment providing their true names relates back to the date of the original pleading.

[2]An action to recover damages for personal injury must be brought within two years. NRS 11.190.

Appellant contends that American Maintenance should not have been dismissed because they were alleged in the initial complaint under a fictional name. Nevada's fictitious defendant rule allows a plaintiff to plead a cause of action against a party whose name is not known; when the name is discovered the pleading may then be amended. NRCP 10(a). Such an amendment relates back to the date of the original pleading allowing a defendant's true name to be substituted after the expiration of the statutory limitation. NRCP 15(c).

The rule allowing the amendment as to a defendant's identity subsequent to the running of the statute of limitations was designed to apply in the situation where the plaintiff is cognizant of the identity or description of the fictitiously named defendant, but not his true name. State *ex rel.* Dep't Hwys. v. District Court, 95 Nev. 715, 717, 601 P.2d 710, 711 (1979). Accordingly, we have held that when a plaintiff has relied on NRCP 10(a), properly alleging contemplated defendants and uncertainty as to their names, subsequently providing their true names in an amended pleading, a substitution is effected, not an addition of a party defendant. Hill v. Summa Corporation, 90 Nev. at 81, 518 P.2d at 1095. Attempts to broaden our fictitious defendant practice to encompass situations where the plaintiff was ignorant not only of the defendant's name, but also of his identity or even his involvement have been unsuccessful. *See* Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975); Knight v. Witco Chemical Co., 89 Nev. 586, 517 P.2d 792 (1973). We have recognized the problem of allowing new parties to be brought in after the expiration of the period of limitation. Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969). Accordingly, we have interpreted the fictitious defendant rule as providing a narrow exception, allowing the pleading of fictitious defendants only where there is an uncertaintly as to their names. Hill v. Summa Corporation, 90 Nev. at 81, 518 P.2d at 1095.

In Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 we announced the three factors that we perceived as governing the determination of when a proper defendant may be involved in an amended pleading even though the statute of limitations has run. They are that the proposed party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action; and (3) was not in any way misled to its prejudice. (Citations omitted.) *Id.* at 373, 455 P.2d at 622–23. Those factors are not present here.

None of the allegations in the original or first amended complaint filed by appellant met any of the criteria established in *Servatius*. There was nothing in the original pleadings which would have notified respondent of the pending litigation and plainly nothing that would evidence any intent on appellant's part to have any janitorial service, including respondent, identified or described as a party to the action.

Finally, the prejudice referred to in *Servatius* is manifest in this case. The respondent's ability to timely investigate the scene of the accident, to marshall the evidence, and to locate witnesses has been lost or is greatly impaired. Appellant's inaction is directly responsible for this inability.

Here, appellant sought to amend the complaint concerning the cause of the dangerous condition and by expressly naming respondent as a defendant. We therefore hold that the amendment brought in a new party defendant and did not merely correctly identify a party defendant already before the court. The trial court acted properly in determining that appellant's prior pleadings did not toll the statute of limitations.[3]

The order of dismissal is affirmed.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., concurring:
I concur in the result.

---

[3]Appellant attempted to justify the proposed substitution of American Maintenance for Roe I on the basis that their true name was only recently discovered. The fruits of appellant's belated depositions taken October 20, 1977, five months after the running of the limitation period fails to provide a basis for any such tolling of the statute.