PATRICK DRISCOLL, Appellant, *v.* COLLINS HOME MANUFACTURING CORPORATION, Respondent.

No. 17577

December 29, 1987                                    747 P.2d 888

*Lyles, Austin & Burnett, John F. Haas* and *Nancy Savage,* Las Vegas, for Appellant.

*Barker, Gillock, Koning, Brown & Earley, Jerry S. Busby* and *James Chrisman,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Patrick Driscoll was severely injured on July 10, 1982, when a tie-down winch flew off of a passing truck and smashed his windshield. Driscoll sustained extensive injuries to his face and head, with a resulting loss of memory.

Due to his injuries, appellant could not at first remember anything which would assist him in identifying the proper defendants for his personal injury suit. After 1½ years of rehabilitative therapy, and after hypnosis, Driscoll claimed to recall that the winch had fallen off of a truck bearing the name of Sproul Homes. His original complaint, naming Sproul Homes and certain doe defendants, was filed on June 8, 1984, two days before the statute of limitations expired. NRS 11.190(4)(e). Further investigation by the appellant revealed that Sproul Homes had sold four of its trucks, equipped with tie-down winches, to respondent Collins Home Manufacturing Corporation (Collins). Appellant did not file his second amended complaint naming Collins until April, 1985, long after the statute of limitations had run. Driscoll sought to bring Collins into the suit by invoking NRCP 10(a), which allows the substitution of named defendants for doe defendants, relating back to the date of filing the complaint.[1] Respondent Collins filed a motion to dismiss, contending that NRCP 10(a) does not allow the addition of party defendants after the statute of limitations has run. After a hearing, the district court granted the motion to dismiss.

We have previously held that where the failure to name the correct party in the original complaint is a mistake in nomenclature, subsequent amendments will be allowed to relate back to the original date of filing. Jiminez v. State, Dep't of Prisons, 98 Nev. 204, 644 P.2d 1023 (1982). However, certain restrictions have been placed on the use of doe pleadings. *See* Lunn v. American Maintenance Corp., 96 Nev. 787, 618 P.2d 343 (1980). *Lunn* held that the test used in Servatius v. United Resort Hotels, 85

---

[1](a) Caption; Names of Parties. . . . A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly.

Nev. 371, 455 P.2d 621 (1969) was also the proper test for evaluating the substitution of named defendants for doe defendants. This test has three parts: 1) Did the proper defendant have actual notice of the institution of the action?, 2) Did it know it was the proper defendant in the action?, and 3) Was the proper defendant in any way misled to its prejudice? We have heretofore embraced this analysis in an attempt to avoid conflict between the basic purposes of the statutes of limitation: plaintiffs should have a reasonable time to discover, but potential defendants should be protected from stale suits and the loss of their defenses.

Collins had no connection with Sproul Homes, other than the purchase of the trucks. Therefore, it had no notice of the action at the time it was instituted. Neither did Collins have any way of knowing it was the proper defendant in Driscoll's lawsuit. Finally, we note that Collins was undoubtedly prejudiced by appellant's delay in filing his second amended complaint. Before it was served with the complaint, Collins had dissolved as a corporation and had sold the four trucks it bought from Sproul Homes. It no longer had the records necessary to identify who had driven the trucks that day, or the roads on which the trucks had been driven.[2] Appellant thus failed to meet the most critical criterion of the three-part test of *Servatius,* and the district court did not err in granting respondent's motion to dismiss. *Lunn, supra,* 96 Nev. at 790, 618 P.2d at 345.

We are mindful of the difficulties sometimes encountered by plaintiffs in their attempts to identify proper party defendants. Driscoll cannot be blamed for his memory loss, since it was the direct result of the tort committed upon him. In such a case we are reluctant to apply the strict rule set by State ex rel. Dep't of Hwys. v. District Court, 95 Nev. 715, 601 P.2d 710 (1979). That case limited the application of NRCP 10(a) to a mere change in nomenclature of a defendant, and refused to extend the concept of relation back to a defendant whose identity was unknown. We question whether this narrow interpretation is in keeping with the underlying purpose of the rule, and in an appropriate case, we may be disposed to reconsider it. Upon the facts of this case, however, we are not convinced that the expansive interpretation of NRCP 10(a) desired by the appellant should be applied.

We conclude the district court did not err in granting respondent Collins' motion to dismiss.

---

[2]*Collins claimed it did have records which showed that none of its tie-down winches were reported lost at the time of Driscoll's accident. While this fact is not dispositive, it does tend to show that Collins had no notice of a possible lawsuit.*