NURENBERGER HERCULES-WERKE GMBH, a Foreign Corporation, Appellant, *v.* FRANK VIROSTEK, Respondent.

No. 21110

December 6, 1991                    822 P.2d 1100

[Rehearing denied February 21, 1992]

*Vargas & Bartlett and Nicholas F. Frey,* Reno, for Appellant.

*Peter Chase Neumann,* Reno, for Respondent.

*Bradley & Drendel and Thomas E. Drendel,* Reno, for Amicus Curiae Nevada Trial Lawyers Association.

**OPINION**

By the Court, STEFFEN, J.:

Respondent, Frank Virostek, suffered permanent brain damage as a result of injuries sustained on May 24, 1983, in an accident

that occurred while riding his Sachs moped. The two primary issues on appeal concern the effect of NRCP 10(a)[1] on the substitution of accurately identified parties for defendants bearing fictitious names after the applicable statute of limitations has run, and the propriety of the award of $300,000 in attorney's fees to Virostek. We are persuaded that existing case law concerning the first issue is unsound or in need of clarification; we accordingly affirm the district court's ruling on that issue against the position asserted by the appellant, Nurenberger Hercules-Werke GMBH (Nurenberger). However, the district court erred in its award of attorney's fees, thus necessitating a remand as to that issue.

### FACTUAL AND PROCEDURAL BACKGROUND

Virostek was riding his Sachs moped at a normal rate of speed when the front wheel started to wobble, causing Virostek to lose control, crash and strike his head on the surface of the road. Two eye-witnesses observed Virostek riding the moped on the flat, smooth road at an estimated speed of between 15 and 25 mph when the front wheel started to wobble or shake violently. The witnesses saw Virostek unsuccessfully attempting to cope with the problem, noting that he did so with both hands on the handlebars. As the moped crashed, Virostek was thrown to the ground, suffering serious head injuries.

Virostek filed a complaint against various identified and fictitious defendants based upon a theory of strict products liability. Nurenberger, the actual manufacturer of the moped, was not named as a defendant until after the statute of limitations had run. Over objection, the district court granted Virostek's motion to substitute Nurenberger as a party defendant.

Thirteen days prior to trial, Virostek offered to accept a judgment against Nurenberger in the amount of $999,999.99. Nurenberger rejected the offer and the case proceeded to trial. The jury awarded Virostek damages in the total sum of $1,100,869.79. The district court thereafter granted Virostek's motion for attorney's fees, pursuant to NRS 17.115 and NRCP 68, in the amount of $300,000. Nurenberger filed motions for judgment notwithstanding the verdict or in the alternative, for a new trial, both of which were denied.

### DISCUSSION

On appeal, Nurenberger contends that reversal is warranted because of prejudicial error involving the following issues.

---

[1]NRCP 10(a), in pertinent part, reads as follows:

> In the complaint the title of the action shall include the names of all the parties . . . A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly.

1. *The substitution of Nurenberger as a party defendant after the expiration of the period of limitations.* On March 27, 1985, Virostek filed his complaint against the retailer of the moped, Arnold Wratschko, d/b/a AMS Moped & Scooter Factory and AMS Import/Export.[2] He also named as defendants, Sachs Manufacturing Company, Does I-V, A-B partnerships VI-X, and XYZ Corporations XI-XV. The complaint specified the intent to later substitute for the fictitious defendants those entities that "designed, manufactured, assembled and marketed, advertised and otherwise supplied into the stream of commerce" the specifically identified, defective moped. Sachs Manufacturing Company was never served with the complaint, and it is questionable whether such an entity exists.[3]

Various motions were filed by the parties which need not be identified or chronicled in this opinion. Suffice it to note that the district court ultimately granted Virostek's motion to substitute Nurenberger as a party defendant in the place of one of the corporate doe defendants, effective as of the date of the original complaint. Nurenberger filed an unsuccessful motion to dismiss based upon a statute of limitations defense.

Nurenberger supports its position by invoking the rule announced by this court in Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969), and expanded under Lunn v. American Maintenance, 96 Nev. 787, 618 P.2d 343 (1980), and Driscoll v. Collins Home Mfg. Corp., 103 Nev. 608, 747 P.2d 888 (1987), contending that Virostek failed the test mandated by those decisions. We need not determine whether the requirements of *Servatius* and other cases adhering to the *Servatius* rule were satisfied in the instant case, as we have concluded that *Servatius* has been misapplied to cases governed by NRCP 10(a).

Virostek and the Nevada Trial Lawyers Association, participating in the briefing of this case as amicus curiae, urge this court to reinvigorate the concept advanced in previous decisions that have focused on the subtle but discrete difference between "adding" a party under NRCP 15, and "substituting" a party under NRCP 10(a). We are advised that in so doing, *Servatius* would be inapplicable to the instant case and *Lunn* would have to be clarified or overruled for having confused the two rules. Although we agree that the application of *Servatius* needs to be limited, and its expansion retrenched, we are not persuaded that the "substitution-addition" distinction is particularly useful in providing clarity and guidance in this area of the law.

---

[2]Wratschko settled with Virostek prior to trial for the sum of $100,000.

[3]Although there were other legal entities that included the name Sachs, their identity and involvement are not germane to this appeal.

As a prelude to our analysis, we observe that our rules of civil procedure are to be construed "to secure the just, speedy, and inexpensive determination of every action." NRCP 1. We commence with the premise that meritorious causes of action should not be frustrated where, despite reasonable diligence, the true identity of culpable parties is uncertain or unknown to plaintiff or plaintiff's counsel. Indeed, our entire system of civil justice is designed to provide an avenue of redress to parties injured by the actions of others who in law and equity should be held accountable. Heretofore, unwary plaintiffs have been subject to the loss of their remedies under pitfalls created by an unwarranted application of the *Servatius* factors to situations involving the procedure contemplated by NRCP 10(a).

*Servatius* neither involved nor addressed the substitution of parties pursuant to NRCP 10(a). In *Servatius* the plaintiff was under the mistaken impression that she had named as party defendant the entity legally responsible for her injuries. There was no indication that uncertainty of identity had prompted the plaintiff to utilize the procedure provided by NRCP 10(a). Nevertheless, despite the mistake and the running of the statute of limitations, this court crafted a rule that allowed for an amendment striking or dropping the wrong party defendant and "correctly identif[ying] a party defendant already before the court." *Servatius,* 85 Nev. at 374, 455 P.2d at 623. Because the *Servatius* court determined that the true defendant was, in effect, "already before the court," NRCP 21, addressing the dropping and adding of parties, was never implicated in the court's decision. *Servatius* was, in every sense, an opinion of limited application crafted to supply a basis for achieving equity and justice where the true defendant, although unnamed, had actual knowledge of the institution of the action, knew that it was the proper defendant, and was not in any way misled to its prejudice. We therefore reaffirm *Servatius* in those limited situations typified by the facts in that case.

Unfortunately, subsequent to *Servatius,* we engrafted the *Servatius* factors onto certain cases that concerned issues involving the substitution of parties under NRCP 10(a). Thus, in Lunn v. American Maintenance Corp., 96 Nev. 787, 618 P.2d 343 (1980), where the plaintiff sought to replace fictitious names with specifically identified parties pursuant to Rule 10(a), we concluded that the criteria established in *Servatius* had not been satisfied. Similarly, in Driscoll v. Collins Home Mfg. Corp., 103 Nev. 608, 747 P.2d 888 (1987), we observed, citing *Lunn,* that "certain restrictions have been placed on the issue of doe pleadings." *Id.* at 609, 747 P.2d at 889. Continuing, the *Driscoll* court

stated that *"Lunn* held that the test used in Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969), was also the proper test for evaluating the substitution of named defendants for doe defendants." *Id.* at 609-10, 747 P.2d at 889. Although we denied relief to Driscoll under the *Servatius* criteria despite the fact that his memory loss and inability to recall the name of the tortfeasor's company were the direct result of his injuries, we also observed that in an appropriate future case we might be disposed to reconsider the narrow constraints we have placed on the availability of relief under Rule 10(a). *Id.* at 610, 747 P.2d at 890.

Turning again to the efficacy of an analysis of whether parties have been added or substituted as a source of discerning the appropriate rules of law, we are persuaded that distinguishing between the two is often tenuous, imprecise, and conducive to result-oriented determinations. For example, the amicus brief strains to validate the result in *Driscoll* by concluding that "the record contained nothing to show that plaintiff had an intent to sue any particular defendant or class of defendants when he included the Doe allegations," therefore, "it is clear the attempt was to *add* a party, not substitute one." We find the argument teleologically understandable but otherwise disingenuous. Obviously, Driscoll intended to sue the party who owned the truck carrying the·winch that was dislodged, causing him injury. Driscoll's uncertainty concerning the identity of the responsible party prompted his resort to the pleading latitude accorded by NRCP 10(a). In the instant case, it is equally obvious that Virostek intended to sue the parties responsible for manufacturing, designing and marketing the defective Sachs moped that caused his injuries, and that he was not totally certain of their true identities.

We believe that the basic difficulty besetting NRCP 10(a) cases stems from an unduly restrictive view of the scope of the rule as announced by this court in State ex rel. Dep't Hwys. v. District Ct., 95 Nev. 715, 601 P.2d 710 (1979). We there said:

> NRCP 10(a) does not refer to a party who is not known, but rather to a party whose name is not known. It is designed to embrace the case where the plaintiff has in mind the identity or description of the fictitiously named defendant but not his true name.

*Id.* at 717, 601 P.2d at 711. Under the constraints described above, the rule would generally apply in such limited situations as where an injured party slipped on the floor of a corner grocery store known to the plaintiff as a specific entity at a known location, but with uncertainty as to the true name of the owner. Convinced that the rule was never intended to have such limited

scope, we hereby disapprove the quoted language of the cited case and other of our cases that have perpetuated the same limitation.

In *Driscoll*, a 1987 ruling, we solidified the confusion caused by applying the *Servatius* test to cases governed by NRCP 10(a). Unfortunately, we failed to focus upon the clearer perspective evinced by this court in Hill v. Summa Corporation, 90 Nev. 79, 518 P.2d 1094 (1974), where we stated:

> In our view, when a plaintiff's counsel has properly utilized NRCP 10(a), adequately alleging intended defendants and present uncertainty as to their names, stating the names later in an amended pleading cannot be equated with "adding" totally new parties to the action. Cf. Knight v. Witco Chemical Co., 89 Nev. 586, 517 P.2d 792 (1973). Then, at least, there is no reason an amendment stating the names should be regarded differently under NRCP 15(a) than any other facts counsel may wish to correct or clarify by filing an amended pleading "once as a matter of course." By virtue of NRCP 10(a), the designated but unnamed defendants are already parties in legal contemplation. A subsequent amendment, stating their actual names, therefore relates back to commencement of the action as provided in NRCP 15(c).

*Id.* at 81, 518 P.2d at 1095. The key language in *Hill* concerns the recognition by this court that in NRCP 10(a) cases, the rule is properly utilized when counsel "adequately alleg[es] intended defendants and present uncertainty as to their names." Using the instant case as an illustration, Virostek's counsel properly pleaded uncertainty as to defendants' true names by including fictitious doe defendants as permitted by Rule 10(a), and then clearly identified the target of the complaint as the party or parties who "designed, manufactured, assembled and marketed, advertised and otherwise supplied into the stream of commerce" the defective Sachs moped. It was thus clear who the intended defendants were notwithstanding the uncertainty of their true identities.

Although *Hill* alluded to the fact that stating true identities in an amended pleading filed pursuant to Rule 10(c) is not the equivalent of *adding* "totally new parties to the action," it cannot be gainsaid that when a party as yet unnamed is brought into an action, the name of the identified party has been added to the complaint. In any event, it seems to us that there is little to be gained in structuring a rule that hinges upon the ofttimes subtle distinction between an "added" and a "substituted" party. The more logical distinction has to do with whether the added or substituted party is rationally connected to the activity or omis-

sion upon which an allegation of liability is based. Again, by way of illustration concerning the instant case, if Virostek had sought to substitute a specific party for a doe defendant based upon the allegation that the added party was responsible for constructing or maintaining a hazardous road surface, a new and different theory of liability, it is clear that a totally new party outside the legal contemplation of the original complaint would have been added. With the foregoing authorities and analysis in mind, we are prepared to clarify the law with respect to actions involving issues based upon fictitious name pleading under NRCP 10(a).

First, and most obvious, the rule we now provide is applicable only where a plaintiff has utilized the pleading latitude afforded by Rule 10(a). Second, it should be clear that fictitious defendants may not be properly included in a complaint merely as a precautionary measure in the event theories of liability other than those set forth in the complaint are later sought to be added by amendment. In other words, there must be clear correlation between the fictitious defendants and the pleaded factual basis for liability. This element of the rule supplies the basis for recognizing the *intended defendants* who, in legal contemplation, are parties to the cause of action. Third, and last, Rule 10(a) was not intended to reward indolence or lack of diligence by giving plaintiffs an automatic method of circumventing statutes of limitations. Plaintiffs utilizing the pleading latitude provided by Rule 10(a) must exercise reasonable diligence in pursuing discovery and other means of ascertaining the true identity of the intended defendants, and then promptly move to amend their complaints pursuant to Rule 10(a). Whether reasonable diligence has been exercised is a matter of law to be determined by the district court. The right to amend and relate back should rarely be denied plaintiffs irrespective of the extent of the delay whenever the *intended defendant has sought in any way to mislead or deceive* the complaining party.

In summary, the effective utilization of Rule 10(a) requires: (1) pleading fictitious or doe defendants in the caption of the complaint; (2) pleading the basis for naming defendants by other than their true identity, and clearly specifying the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercising reasonable diligence in ascertaining the true identity of the intended defendants and promptly moving to amend the complaint in order to substitute the actual for the fictional. Satisfaction of all three of the aforementioned elements is necessary to the granting of an amendment that relates back to the date of the filing of the original complaint.

By way of further clarification, it is necessary to note that NRCP 10(a) is a self-contained rule that is independent of NRCP 15(c) in its relation back effect. Despite our statement in *Hill* indicating that a subsequent Rule 10(a) amendment providing the actual names of the parties "relates back to commencement of the action *as provided in NRCP 15(c)*," *Hill,* 90 Nev. at 81, 518 P.2d at 1095 (emphasis added), we conclude that the latter rule has no application to the process of adding or substituting names under NRCP 10(a). First, NRCP 15(c), by its terms, applies only to *claims* or *defenses,* neither of which may be logically construed to include the adding or substituting of parties. Second, it seems evident to us that under our Rule 10(a), the intended parties defendant, when properly identified as to activity, conduct or omission, but not by certainty of name, are, as we indicated in *Hill,* "already parties in legal contemplation." *Id.* As a result, when a Rule 10(a) amendment is properly granted, it automatically relates back to the commencement of the action.

In ruling as we have, it is readily evident that the three factors constituting the so-called *Servatius* rule are not applicable to cases governed by Rule 10(a). Such cases do not require that the intended defendant have actual notice of the institution of the action and knowledge of the fact that it, he or she was the proper defendant in the action. Moreover, because we have balanced the equities in favor of accountability and recompense over prejudice, the element concerning prejudice to the unnamed defendant is also inapplicable to Rule 10(a) cases except in the sense that a lack of reasonable diligence on the part of the plaintiff may assume greater meaning where prejudice may be shown to exist.

Having concluded that distinctions between "substituted" and "added" parties are not meaningful or dispositive in Rule 10(a) cases, it should be clear that such cases do not implicate NRCP 21 concerning the adding or dropping of parties. We believe that the availability of relief in Rule 10(a) cases may be reasonably predicted when analyzed in accordance with the principles announced in the instant case.

Whether Virostek may have survived a *Servatius* analysis on appeal is problematical and of no moment in light of our ruling. On the record, however, there is an adequate basis for concluding, as we do, that Virostek satisfied the test we have determined to be applicable to Rule 10(a) situations. We therefore conclude that the district court did not err in refusing to deny Virostek the benefit of the confluence of Rules 10(a) and 15(c), despite the inapplicability of the latter rule.

2. *The exclusion of evidence.* Nurenberger contends that error

resulted from the trial court's rulings concerning the admissibility of certain evidence. In particular, Nurenberger first complains that a plaintiff's witness, Matthew Asp, should not have been permitted to testify concerning a wobble that he had experienced while using his father's Sachs moped. Nurenberger advances two reasons in support of its contention of error: (1) Nurenberger was not allowed to apprise the jury that litigation instituted by Asp resulted in a determination by special verdict that the moped was not defective; and (2) there was no substantial similarity between the Asp and Virostek trials. Although error may have occurred in unduly circumscribing Nurenberger's entitlement to disabuse the jury of any unjustifiable inferences derivable from Asp's testimony, we need not decide the issue because any error would have been harmless in any event. There was substantial evidence presented at trial proving that the front wheel on the Virostek moped wobbled, and that the unstable movement caused the accident. Moreover, the trial court did not err in admitting the testimony of Virostek's expert, Mark Ezra, and a videotape prepared by Ezra concerning the effect of a wobbling front wheel on a Kawasaki motorcycle. It was made clear to the jury by instruction that the purpose of the videotape was to demonstrate the dynamics involved in divergent wobble on the front wheel of a two-wheeled vehicle, and that the videotape had no connection with the vehicle or event at issue. The district court properly determined that the videotape would be of assistance to the jury in understanding how Ezra arrived at his expert opinion.

3. *The additional peremptory challenges.* Nurenberger insists that the trial court erred in giving plaintiff's side eight peremptory challenges in empaneling the jury. Nurenberger notes that the trial court must analyze the nature of the claim and determine which parties' interests are adverse to each other. Distad v. Cobin, 633 P.2d 167, 171 (Wyo. 1981). According to Nurenberger, Virostek and Wratschko constituted the equivalent of one party because they both filed claims against Nurenberger alleging that the accident was caused by a defective product manufactured by Nurenberger.

Virostek correctly contends that the issue was waived because Nurenberger agreed to allow all Wratschko peremptory challenges. *See* Ainsworth v. Combined Ins. Co., 105 Nev. 237, 774 P.2d 1003 (1989). We also agree with Virostek that Nurenberger is precluded from changing its position on appeal. *See* Force v. Pecole, 77 Nev. 143, 360 P.2d 362 (1961).

The trial court did not err in granting Wratschko four peremptory challenges. Nurenberger's counsel initially objected to the aforementioned challenges because Wratschko was no longer

adverse to Nurenberger. The judge then gave Nurenberger's counsel the option of splitting his four challenges with Wratschko, which counsel declined, stating that he would rather have Wratschko and Nurenberger retain their own four peremptory challenges. The court then suggested that each party have four peremptory challenges, and asked if counsel had any problems with that. Nurenberger's counsel stated: "That's fine, your honor." This issue is without merit.

4. *The award of attorney's fees.* The trial court erred in the methodology used in determining the amount of attorney's fees awarded to Virostek. Attorney's fees were awarded pursuant to NRS 17.115(4) and NRCP 68. Under both the statute and the rule of court, an award of attorney's fees for obtaining a judgment more favorable than the offer of judgment that was rejected is discretionary with the district court. However, in neither case may the trial court award counsel fees for legal services performed prior to the date of the offer of judgment. In the instant case, it is clear that the trial court based its award on legal services rendered over the entire period of litigation.[4] The district court's award of attorney's fees for work performed during the entire period of litigation was clear error.

5. *Other issues.* We have considered the other sub-issues raised by Nurenberger and conclude that they are either without merit or need not be decided because of the nature of our disposition of the primary issues.

## CONCLUSION

For the reasons specified above, the judgment entered pursuant to the jury verdict is affirmed, and the award of attorney's fees is vacated and remanded for redetermination in accordance with the constraints set forth in this opinion.

MOWBRAY, C. J., SPRINGER, ROSE and YOUNG, JJ., concur.

---

[4]In justifying the award of $300,000 in attorney's fees, the trial judge stated that:

> [P]laintiff's counsel's estimate of the number of hours [800 to 1,000] spent on his client's case is reasonable. Counsel first accepted the case in the spring of 1985, and the jury trial was concluded in late October, 1989. Counsel was obviously well prepared at trial, had advanced more than $43,000 of his own funds in preparing for trial, and demonstrated during the 2-week trial the kind of effort that is consistent with hundreds of hours of pre-trial preparation.
>
> Accordingly, under merely the "lode-star" test [number of hours spent multiplied by a reasonable fee], the Court finds that plaintiff should be awarded attorney's fees of between $140,000 and $175,000.