RICHARD BENDER, Appellant, v. CLARK
EQUIPMENT CO., Respondent.

No. 24126

June 27, 1995                                    897 P.2d 208

*Donald Pope,* Reno, for Appellant.

*Wait & Shaffer,* Reno, for Respondent.

# OPINION

By the Court, Shearing, J.:

This is an appeal from an order of the district court dismissing
a complaint as time-barred by the statute of limitations.

On October 15, 1990, a forklift allegedly backed over appel-
lant at work, crushing his left foot and leaving him without much
feeling in his left hand. On October 13, 1992, two days before the
two-year statute of limitations ran, *see* NRS 11.190(4)(e), appel-
lant filed a complaint in district court. The complaint named

Clark Manufacturing, Inc., as a defendant. Appellant alleged that Clark Manufacturing, Inc. had negligently and defectively manufactured a forklift without a backup warning device. No "Doe" defendants were named.

On October 21, 1992, appellant filed an amended complaint which named Clark Equipment Co. instead of Clark Manufacturing, Inc. as the defendant. On October 23 and 26, 1992, appellant filed second and third amended complaints. On November 2, 1992, the third amended complaint and an amended summons were served on Clark Equipment Co. Thereafter, the district court dismissed appellant's complaint as time-barred. Appellant contends that the district court erred in dismissing his complaint.

Until Nurenberger Hercules-Werke v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), all situations involving the amending of a complaint to name a new party defendant after the statute of limitations had run were governed by a rule announced by this court in Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969), and modified by later cases. The general rule of *Servatius* is: "While an amendment may be made to correct a mistake in the name of a party, a new party may not be brought into an action once the statute of limitations has run because such an amendment amounts to a new and independent cause of action." *Servatius*, 85 Nev. at 372-73, 455 P.2d at 622 (quotation omitted). Nevertheless, a defendant could be brought into an action even if the statute of limitations had run if the defendant: (1) had actual notice of the institution of the action; (2) knew it was the proper defendant in the action; and (3) was not misled to its prejudice. *Id*. at 373, 455 P.2d at 622-23.

In *Nurenberger,* this court concluded that *Servatius* had been misapplied to cases governed by NRCP 10(a),[1] *i.e.* cases involving the utilization of fictitious defendants. *Nurenberger,* 107 Nev. at 877-78, 822 P.2d at 1103. *Servatius* remains applicable to cases where the plaintiff has not named "Doe" defendants. *Id.*

Nevertheless, *Nurenberger* notes that *Servatius* was an instance where, despite the plaintiff's failure to name the correct defendant before the running of the statute of limitations, this court crafted a rule that allowed for an amendment striking the wrong party

---

[1]NRCP 10(a) provides:

> Every pleading shall contain a caption setting forth the name of the court and county, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in the other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly.

defendant and correctly identifying a party defendant already before the court. *Id.* at 878, 822 P.2d at 1103. *Nurenberger* further notes that *Servatius* is "an opinion of limited application crafted to supply a basis for achieving equity and justice where the true defendant, although unnamed, had actual knowledge of the institution of the action, knew that it was the proper defendant, and was not in any way misled to its prejudice." *Id.* at 878, 822 P.2d at 1104. Similarly, in *Nurenberger* we "balanced the equities in favor of accountability and recompense over prejudice." *Id.* at 882, 822 P.2d at 1106.

Because the *Servatius* rule was crafted to achieve equity, its application need not be rigid. Appellant filed his complaint before the statute of limitations had expired. Although appellant named Clark Equipment Co. rather than Clark Manufacturing, Inc., he realized and corrected his mistake almost immediately. Appellant then served the summons and amended complaint on the correct party defendant within twenty days of filing the complaint, well within the 120 days allowed by NRCP 4(i). Respondent was therefore not prejudiced because, even if appellant had correctly named respondent in his original complaint of October 13, 1992, appellant nevertheless had until mid-February of 1993 to serve respondent. Respondent, however, received notice of the appellant's action on November 2, 1992.

Accordingly, we modify the *Servatius* rule to allow a plaintiff who has incorrectly named a party defendant in a timely filed complaint to amend that complaint to name the correct defendant so long as the correct defendant is served within the time provided by NRCP 4(i). We therefore reverse the order of the district court dismissing appellant's complaint, and we remand this case for further proceedings.

YOUNG, SPRINGER and ROSE, JJ., concur.

STEFFEN, C. J., dissenting:

Although I fully understand the majority's desire to afford relief in this case, I must respectfully dissent because in so doing, this court has simply—and inappropriately—amended the applicable statute of limitations enacted by the Legislature.

In providing relief to plaintiffs under Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969) and Nurenberger Hercules-Werke v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), this court articulated the circumstances under which such relief could be granted despite the running of the period of limitations and lack of knowledge of the true name(s) of

the defendant. In *Servatius* we held that a mistakenly named "proper defendant" could be brought into an action despite the running of the statute of limitations if three factors were satisfied: (1) that the proper defendant had actual notice of the institution of the action; (2) that the defendant knew that it was the proper defendant in the action; and (3) that the proper defendant was not in any way misled to its prejudice. *Servatius,* 85 Nev. at 373, 455 P.2d at 622-23. The *Servatius* court thus concluded that in legal contemplation, such a defendant was already before the court and that the amendment merely corrected the mistaken name rather than adding a new party. *Id.* at 373-74, 455 P.2d at 623. In short, *Servatius* "was, in every sense, an opinion of limited application crafted to supply a basis for achieving equity and justice where the true defendant, although unnamed, had actual knowledge of the institution of the action, knew that it was the proper defendant, and was not in any way misled to its prejudice." *Nurenberger Hercules-Werke,* 107 Nev. at 878, 822 P.2d at 1104.

In *Nurenberger Hercules-Werke,* we observed that the *Servatius* factors had been misapplied to situations involving the substitution of parties under NRCP 10(a). *Id.* at 878, 822 P.2d at 1103-04. Thus, in order to minimize the unduly harsh effects of the *Servatius* rule, we concluded that plaintiffs could avoid the bar of the statute of limitations after its expiration by effectively utilizing NRCP 10(a) as follows:

> (1) pleading fictitious or doe defendants in the caption of the complaint; (2) pleading the basis for naming defendants by other than their true identity, and clearly specifying the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercising reasonable diligence in ascertaining the true identity of the intended defendants and promptly moving to amend the complaint in order to substitute the actual for the fictional. Satisfaction of all three of the aforementioned elements is necessary to the granting of an amendment that relates back to the date of the filing of the original complaint.

*Nurenberger Hercules-Werke,* 107 Nev. at 881, 822 P.2d at 1106.

Thus, under *Nurenberger Hercules-Werke,* this court recognized the propriety of a remedy where the statute of limitations had run and the plaintiff had "'adequately alleg[ed] intended defendants and present uncertainty as to their names.'" *Id.* at 880, 822 P.2d at 1105 (quoting Hill v. Summa Corporation, 90 Nev. 79, 81, 518 P.2d 1094, 1095 (1974)). Significantly, the *Nurenberger Hercules-Werke* court observed that "Rule 10(a) was not intended to reward indolence or lack of diligence by

giving plaintiffs *an automatic method* of circumventing statutes of limitations." *Id.* at 881, 822 P.2d at 1105 (emphasis added).

Unfortunately, the majority has now crafted a rule that provides an automatic extension of statutes of limitation for plaintiffs who either don't know that they don't know the correct name or identity of the defendant or don't sufficiently care to know or to even take advantage of the pleading latitude provided by Rule 10(a). Both *Servatius* and *Nurenberger Hercules-Werke* tied relief from an expired statute of limitations to a conscious attempt by a plaintiff to give notice to, or otherwise identify the intended defendant who was connected to the specific action under complaint.

Apparently, the new rule adopted by the majority is that if a plaintiff identifies a defendant by a name that is somewhat close to that of the real defendant, the plaintiff will be the beneficiary of an automatic extension of the statute of limitations for a period of 120 days after the filing of the complaint. Under the new rule, there is no requirement of caution per Rule 10(a), no requirement of diligence or notice or pleading the basis for naming fictitious defendants and connecting them to the source of their intended liability. If the plaintiff guesses somewhere close, an automatic 120 day extension of the statute of limitations ensues, and the plaintiff need not be concerned about diligence for that entire period. In short, the majority has adopted a rule that is tantamount to amending the statute of limitations and extending the period of limitations by 120 days.

In the instant case appellant, plaintiff below, has suffered from the derelictions of an insolvent attorney (not appellant's attorney on appeal), that supply a genuine basis for both sympathy and the making of bad law. Although I share the majority's sympathy for appellant, I do not view the rule adopted by the majority as being within the legitimate prerogatives of this court. I therefore respectfully dissent.