**Dannielle R. ALIRES, et al.,**
**Plaintiffs—Appellants,**

v.

**Dennis CROWTHER, et al.,**
**Defendants—Appellees.**

No. 06–16631.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2008.*

Filed May 22, 2008.

R. Craig Zafis, Esq., San Diego, CA, Ross C. Goodman, Las Vegas, NV, William A. Cohan, Esq., William A. Cohan PC, Rancho Santa Fe, CA, for Plaintiffs–Appellants.

Robert D. Metcalfe, United Stated Department of Justice Tax Division, Washington, DC, Roger W. Wenthe, Las Vegas, NV, John A. Dudeck, Jr., Esq., U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, Todd L. Bice, Esq., Schreck Brignone Godfrey, Las Vegas, NV, for Defendants–Appellees.

Before: O'SCANNLAIN and HAWKINS, Circuit Judges, and SELNA,** District Judge.

MEMORANDUM ***

Plaintiffs–Appellants Dannielle R. Alires, Charles Allen, Sherri Arendell, Al-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

len Barclay, Lee Belcher, Shirley Boyse, Rosendo Cruz, Ismael Curiel, Elvis Flores, Robert Furman, Gustavo Gutierrez, Don Hamilton, Lori Kahre, John W. Kahre, individually and as natural guardian of the minor child Brandon Kahre, Robert Kahre, Robert Leidig, Pamela McDaniel, Heidi Rasmussen, Debra Rosenbaum, Ronnie Ruggles, Exiquio Treviño, Julio C. Vargas, and William Whitney (collectively "the Residents") appeal a district court order granting the motion of Defendant–Appellees North Las Vegas Police Department Officers Duane Eamon, Jason Scarale, James Brown, Travis Snyder, Jose Garcia, Mike Myers, Bruce Reeves, Justin Roberts and Anthony Watkins (collectively "the Police Officers") to dismiss the Residents' claims as barred by the statute of limitations.

The Residents argue that the district court erred when it found that the Residents' Second Amended Complaint, which substituted the Police Officers for fictitious defendants, did not relate back to the filing of the original complaint under Nevada Rule of Civil Procedure 10. We review *de novo*, *Ventura Mobilehome Cmty. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir.2004), find no error and affirm.

■ Since this is a Section 1983 case, the Nevada statute of limitations, *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999), and rules governing relation back, *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir.1989), control. Nevada Rule of Civil Procedure 10(a) requires that a plaintiff meet a three-part test in order to relate an amendment back to the filing

of the original complaint. A plaintiff must "(1) plead[ ] fictitious or doe defendants in the caption of the complaint; (2) plead[ ] the basis for naming defendants by other than their true identity, and clearly specify[ ] the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercis[e] reasonable diligence in ascertaining the true identity of the intended defendants and promptly mov[e] to amend the complaint in order to substitute the actual for the fictional." *Nurenberger Hercules–Werke GmbH v. Virostek*, 107 Nev. 873, 881, 822 P.2d 1100 (Nev.1991).

■ The record supports the district court's conclusion that the Residents did not act with reasonable diligence to ascertain the identities of the Police Officers. After the district court denied the Residents' motion for limited discovery, aimed in part at obtaining the Police Officers' names, they undertook no further efforts to determine the Police Officers' identities until approximately six weeks before the statute of limitations expired. The Residents attribute the delay to the fact they were not allowed to conduct formal discovery until the issue of the federal defendants' qualified immunity was resolved.[1] This does not, however, provide a justification for their failure to attempt to ascertain the Police Officers' identities by informal discovery or "other means." *Nurenberger Hercules–Werke GmbH*, 107 Nev. at 881, 822 P.2d 1100.

The Residents did ultimately ascertain the identities of the Police Officers a few

---

1. In this regard, the Residents argue alternatively that a stay of discovery pending the resolution of the qualified immunity issue should toll the statute of limitations. However, since this issue was first raised on appeal, it is waived. *U.S. v. Monreal*, 301 F.3d 1127, 1131 (9th Cir.2002), *cert. denied* 537 U.S. 1178, 123 S.Ct. 1008, 154 L.Ed.2d 925 (2003).

days before the statute of limitation expired. However, instead of "promptly" moving to amend the complaint to substitute the true identities, they waited a full three months to seek leave to amend.

Accordingly, because the Residents neither acted with "reasonable diligence" to ascertain the identities of the fictitious defendants nor "promptly" moved to amend the Second Amended Complaint, they were not entitled to relate the amendment back to the filing of the original complaint. Since the Second Amended Complaint was filed after the statute of limitations on the claims against the Police Officers had run, the district court correctly dismissed those claims as time-barred.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.