An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE N. FEHER,
Appellant,
vs.
THEODORE DAVID VICKNAIR,
Respondent.

No. 56754

FILED

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order, certified as final under NRCP 54(b), granting partial summary judgment in a tort action. Eighth Judicial District Court, Clark County; Jack B. Ames, Judge.

Appellant filed a complaint alleging negligence claims against Diane Delarosa-Perez arising from a car accident. Ms. Delarosa-Perez answered the complaint and filed a third-party complaint against respondent. Appellant and Ms. Delarosa-Perez thereafter filed a stipulation and order for appellant to amend his complaint to substitute respondent as a doe defendant in appellant's complaint, which the district court granted.

More than 15 months later, respondent filed a motion for partial summary judgment arguing that appellant's claims against him were barred by the statute of limitations because the first amended complaint was filed more than two years after the car accident. Appellant opposed the motion, arguing that the original complaint was filed before the expiration of the statute of limitations, that he properly amended his complaint pursuant to NRCP 10(a), and that a proper NRCP 10(a) amendment automatically relates back to the commencement of the action. Respondent argued below and on appeal that in order for appellant's claims against him to relate back to the original complaint,

13-28051

appellant must show that he exercised reasonable diligence in ascertaining the true identity of the intended defendants. Respondent asserts that since appellant knew respondent's name and the potential claims against him at the time of the filing of the original complaint, based on the accident report prepared by law enforcement, appellant did not exercise reasonable diligence and his claims do not relate back. Appellant counters that contention, arguing that the accident report identified respondent, but attributed sole fault to Ms. Delarosa-Perez, and therefore, appellant had no basis to believe that he had viable claims against respondent at the time he filed his initial complaint. The district court granted partial summary judgment as to appellant's claims against respondent, which the district court properly certified as final under NRCP 54(b), and this appeal followed.

This court reviews summary judgments de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* Having considered the parties' arguments and the district court record, we conclude that the district court erred in granting partial summary judgment as to appellant's claims against respondent.

The district court stated in its order granting partial summary judgment that the accident report "clearly provided notice to [appellant] of potential culpability for the accident on the part of [respondent]." Although the accident report did identify appellant, respondent, and Ms. Delarosa-Perez as the drivers of the three vehicles damaged in the accident, the accident report specifically noted that Ms. Delarosa-Perez

was at fault for the accident and did not indicate that respondent was at fault. Viewing the evidence in the light most favorable to appellant, appellant has demonstrated that a genuine issue of material fact remains in dispute regarding whether appellant was aware of any potential claims against respondent at the time he filed his initial complaint, and thus, the district court erred in granting partial summary judgment to respondent. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

The record shows that appellant properly named doe defendants in his complaint pursuant to NRCP 10(a) and promptly sought leave of the district court to amend his complaint to add respondent as a defendant after Ms. Delarosa-Perez filed her third-party complaint against respondent. *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 881-82, 822 P.2d 1100, 1105-06 (1991). As respondent failed to show that no issues of material fact remain regarding whether appellant exercised reasonable diligence, summary judgment was not appropriate. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc:    Chief Judge, The Eighth Judicial District Court
Hon. Jack B. Ames, Senior Judge
Paul H. Schofield, Settlement Judge
George T. Bochanis, Ltd.
Law Offices of Katherine M. Barker
Eighth District Court Clerk