# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT GATLIN, M.D.; NICOLA M. SPIRTOS, M.D.; WOMEN'S CANCER CENTER OF NEVADA, INC.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROB BARE, DISTRICT JUDGE,
Respondents,
and
MAXINE SADLER; THE VALLEY HEALTH SYSTEM D/B/A SPRING VALLEY HOSPITAL MEDICAL CENTER; AND ELLEN GANA, RN,
Real Parties in Interest.

No. 65655

FILED

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion for summary judgment in a medical malpractice action.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether to consider a petition for extraordinary relief is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). This court generally exercises its discretion to consider petitions for writ relief challenging district court orders denying summary judgment only if no disputed factual issues exist and a statute or rule clearly requires summary judgment. *ANSE, Inc. v. Eighth Judicial Dist. Court*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008).

14-37634

Causes of action for medical malpractice must be commenced within one year after the claimant discovers, or through the use of reasonable diligence should have discovered, the injury or three years after the injury, whichever occurs first. NRS 41A.097(2). Here, the uncontroverted evidence demonstrates that NRS 41A.097(2)'s one-year discovery period elapsed with respect to real party in interest Maxine Sadler's malpractice claims against Dr. Gatlin before Ms. Sadler amended her complaint to add Dr. Gatlin. Specifically, by virtue of filing her initial December 2011 medical malpractice complaint for the same injury for which Dr. Gatlin allegedly caused, Ms. Sadler undisputedly "discovered" her injury by that point at the absolute latest. *See Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. ___, ___, 277 P.3d 458, 462 (2012) (recognizing that the one-year discovery period runs from when a plaintiff is placed on inquiry notice that *someone's* negligence may have caused the plaintiff's injury and that it is not necessary for the plaintiff to identify precise legal theories or potential defendants for the discovery period to commence). Thus, unless Sadler's amended complaint could properly relate back to the initial complaint, summary judgment in favor of Dr. Gatlin was proper. *Id.* at ___, 277 P.3d at 463 (recognizing that summary judgment based on the statute of limitations is proper when "uncontroverted evidence irrefutably demonstrates" that the plaintiff discovered her injury at a time that would render the complaint time-barred (internal quotation omitted)).

To utilize NRCP 10(a) to amend pleadings to add the true names of Doe defendants and relate back to the filing date of the initial complaint, a claimant must, among other requirements, exercise reasonable diligence in ascertaining the true identity of the intended defendants and promptly move to amend the complaint in order to substitute the actual for the fictional. *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 881, 822 P.2d 1100, 1106 (1991). A

determination of reasonable diligence should consider "whether the party unreasonably delayed amending the pleadings to reflect the true identity of a defendant once it became known, whether the plaintiff utilized judicial mechanisms such as discovery to inquire into a defendant's true identity, and whether a defendant concealed its identity or otherwise obstructed the plaintiff's investigation." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 127 Nev. ___, ___, 255 P.3d 238, 243 (2011) (internal citations and quotations omitted). What constitutes reasonable diligence is a question of law subject to de novo review. *Id.*

Here, the record shows that Ms. Sadler should have known through the exercise of reasonable diligence that Dr. Gatlin was involved in the conduct that led to her injuries. Ms. Sadler's medical expert affidavit submitted with her initial complaint indicated that hospital and other medical records had been consulted. Among those records were the operative report, the perioperative record, and the anesthesia record, all of which listed Dr. Gatlin as the assistant surgeon or physician. Also, Spring Valley Hospital's interrogatory response listed Dr. Gatlin as being present during the operation. Moreover, Ms. Sadler testified at her deposition that she spoke with Dr. Gatlin immediately before the surgery. Thus, she should have known at the time of filing her initial complaint of Dr. Gatlin's involvement in the surgery.

By waiting more than two years after filing the initial complaint to seek leave to amend the complaint to add Dr. Gatlin, Ms. Sadler unreasonably delayed amending the pleadings. *Sparks*, 127 Nev. at ___, 255 P.3d at 243. The record does not show that she properly used judicial mechanisms to inquire into Dr. Gatlin's involvement, as evidenced by her decision to depose Dr. Spirtos only after the deadline to add additional parties or claims, nor is there any record support for Ms. Sadler's contention that Dr. Gatlin concealed his involvement in the

procedure or otherwise frustrated her inquiry into his identity. *Id.*; *cf. Winn*, 128 Nev. at ___, 277 P.3d at 464 (discussing what constitutes concealment). We therefore conclude that Ms. Sadler's failure to timely substitute Dr. Gatlin as a defendant demonstrates a lack of reasonable diligence. *Sparks*, 127 Nev. at ___, 255 P.3d at 243. Consequently, *Nurenberger* is not satisfied, and the amendment cannot relate back to the filing date of the initial complaint. 107 Nev. at 881, 822 P.2d at 1106.

As petitioners have established that the untimely substitution of Dr. Gatlin does not relate back and that the claims against him are therefore barred by the statute of limitations, *see Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004), we conclude that the district court erred in denying Dr. Gatlin's motion for summary judgment. NRS 34.160; *ANSE*, 124 Nev. at 867, 192 P.3d at 742; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to grant Dr. Gatlin's motion for summary judgment.[1]

_____, J.
Hardesty

_____, J.     _____, J.
Douglas                            Cherry

---

[1]We grant Ms. Sadler's August 19, 2014, motion for an extension of time to respond to Dr. Gatlin's writ petition and direct the clerk of this court to file the answer that was provisionally received in this court on that same date. We also direct the clerk of this court to file Dr. Gatlin's reply that was provisionally received in this court on September 3, 2014.

cc:    Hon. Rob Bare, District Judge
John H. Cotton & Associates, Ltd.
Carroll, Kelly, Trotter, Franzen, & McKenna
Hall Prangle & Schoonveld, LLC/Las Vegas
Bowen Law Offices
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A