NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBORAH ANN BRADLEY,

          Plaintiff-Appellant,

  v.

TOTAL FACILITY, INC.; COOL AIR
REFRIGERATION, INC.,

          Defendants-Appellees.

No. 20-16732

D.C. No.
2:19-cv-01413-KJD-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 28, 2022[**]
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and BENNETT,[***] District Judge.

Deborah Ann Bradley appeals from the district court's order granting

summary judgment in her personal injury action on the basis that amendments to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

her complaint identifying Doe defendants as Total Facility, Inc. and Cool Air Refrigeration, Inc. did not relate back to her original complaint for statute of limitations purposes. We affirm.

Under Nevada law, if the name of a defendant is initially unknown, "the defendant may be designated by any name," and once "the defendant's true name is discovered, the pleader should promptly substitute the actual defendant for a fictitious party." Nev. R. Civ. P. 10(d). To satisfy this rule, a party must: (1) plead the Doe defendants in the caption of the complaint; (2) plead "the basis for naming defendants by other than their true identity, and clearly specify[] the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based"; and (3) "exercis[e] reasonable diligence in ascertaining the true identity of the intended defendants and promptly mov[e] to amend the complaint in order to substitute the actual for the fictional." *Nurenberger Hercules-Werke GMBH v. Virostek*, 822 P.2d 1100, 1106 (Nev. 1991).

The district court properly determined that Bradley failed to exercise reasonable diligence in ascertaining the true identity of the defendants. Bradley did not use available "judicial mechanisms such as discovery" to attempt to identify the Doe defendants for nearly 14 months. *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 243 (Nev. 2011) (internal quotations and citation

omitted). The first time Bradley conducted any discovery regarding the HVAC unit was more than 400 days after she filed her initial complaint. Indeed, the original complaint made no mention of the HVAC unit; the first reference to servicing of the HVAC unit did not appear until the filing of the first amended complaint in June 2019. Moreover, Bradley was made aware by at least September 2018 of a claim note from the workers' compensation carrier, dated just days after the incident, indicating that the HVAC unit was the cause of the collapsed ceiling which inflicted her injuries. This delay demonstrated a lack of reasonable diligence. *See id.* at 244.

Bradley asserts that the district court erred in finding the absence of reasonable diligence as a matter of law because "issues regarding the accrual of statutes of limitations are factual issues that are reserved for the jury." That argument fails because Nevada law makes clear that reasonable diligence is a legal issue, not a factual one, and Bradley herself did not identify any disputed facts below. *Nurenberger*, 822 P.2d at 1105. Thus, the district court did not err in granting defendants' motions for summary judgment.

**AFFIRMED.**