MICHAEL DUCEY ET AL. *v.* WALSH CONSTRUCTION COMPANY, LTD.
(3895)

HULL, DALY and BIELUCH, Js.

Argued November 15, 1985—decision released February 18, 1986

*Paul E. Pollock,* with whom, on the brief, was *Jeffrey A. Blueweiss,* for the appellant (plaintiff).

*William A. Durkin III,* for the appellee (defendant).

DALY, J. The plaintiff[1] has appealed from a judgment granting the defendant's motion to dismiss[2] the plaintiff's revised complaint for lack of jurisdiction over the person of the defendant. The plaintiff, Michael Ducey, claims on appeal that the trial court incorrectly dis-

---

[1] While the plaintiff's employer, Wolff and Munier, Inc., intervened, it is not involved in the appeal. We refer to Michael Ducey, therefore, as the "plaintiff."

[2] The defendant's objection to the plaintiff's request for leave to amend his complaint was treated by the parties with the agreement of the court as a motion to dismiss under Practice Book § 142 pursuant to § 6 which provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

missed the action after it found the named defendant to be a legal entity distinct from the real party defendant, over whom the plaintiff did not establish personal jurisdiction. We agree with the plaintiff that the trial court was in error.

The plaintiff allegedly was injured on September 23, 1980, while working on a construction site at the Greenwich Hospital. In his revised complaint, he claims that a wooden platform, erected by the general contractor and in its control, collapsed when the plaintiff stepped onto it, resulting in the injury. The plaintiff brought suit on September 16, 1982, against Walsh Construction Company, Ltd., a Delaware corporation, which the plaintiff then believed to have been the general contractor. Wolff and Munier, Inc., intervened thereafter as the plaintiff's employer to recover for the workers' compensation benefits paid to the plaintiff. The defendant denied that it was the general contractor or that it maintained and controlled the site.

On October 13, 1983, the defendant moved for summary judgment claiming that "Walsh Construction Company, A Division of Guy F. Atkinson Company," was in fact the general contractor for the hospital construction project and *not* "Walsh Construction Company, Ltd.," the party named in the plaintiffs' complaints. Before the motion for summary judgment was heard, the plaintiff, on October 24, 1983, requested permission "to amend his complaint to correct the description of the real party sued, Walsh Construction Company, from Walsh Construction Company, Ltd., to Walsh Construction Company, A Division of Guy F. Atkinson Company." The defendant objected to the plaintiff's request as a move to substitute a new party. At the argument on the defendant's objection, with the agreement of the parties, the court, under Practice Book § 6, interpreted the objection as a motion to dismiss the complaint pursuant to Practice Book § 142,

and thereafter dismissed the plaintiff's action, holding that the amendment sought "to substitute a new party with a distinct legal entity over whom the plaintiff must establish personal jurisdiction," which had not been done. The plaintiff appealed from the ensuing judgment.

Both parties rely on *World Fire & Marine Ins. Co. v. Alliance Sandblasting Co.*, 105 Conn. 640, 136 A. 681 (1927), in which the plaintiff sued the defendant, a New York corporation doing business in the city of Hartford. The plaintiff was permitted to amend its complaint by striking out the name of the defendant as it originally appeared and substituting "Julius Goodman doing business under the trade name of the Alliance Sandblasting Company." The defendant claimed that this change constituted a substitution of parties. In rejecting this claim, the Supreme Court stated: "The plaintiff's mistake was not as to the entity itself—not as to the party sued, but in describing what kind of an entity the defendant was; it sued the proper party, but in so doing misdescribed that party, not in respect to name, but solely as to status, as being an artificial instead of a personal entity. . . . The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; it did not substitute or bring in a new party. . . . 'The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.' " (Citations omitted.) Id., 643–44.

In another case, before judgment was rendered, but after a verdict was returned against "J. Johnson & Sons, Incorporated," a Connecticut corporation, the writ was allowed to be amended by substituting a part-

nership "doing business as J. Johnson & Sons." On appeal, the court found that the amendment merely corrected a misnomer of the defendants and did not substitute new parties in the action. Accordingly, the mistaken identity of the defendants was not fatal to the action even after the verdict upon trial. "[T]he trial court committed no error in permitting an amendment naming the real parties." *Motiejaitis* v. *Johnson,* 117 Conn. 631, 638, 169 A. 606 (1933). In *Motiejaitis,* it was apparent from the complaint that the plaintiff intended to bring its action against those who owned, controlled and maintained the premises. The counsel who filed the answer for the defendant "could not escape the imputation of knowledge that the premises were occupied, not by a corporation known as J. Johnson & Sons, Incorporated, but by a copartnership doing business under the name of J. Johnson & Sons." Id., 637.

In the present appeal, it is clear that the plaintiff intended to bring an action against the general contractor for the construction project at the Greenwich Hospital. The deposition of Donald E. Orr reveals the following: that he is vice-president and general counsel of "Walsh Construction Company, A Division of Guy F. Atkinson Company," and vice-president, assistant secretary and assistant general counsel of "Walsh Construction Company, Ltd."; that he received the plaintiff's complaint at Thorndike Circle in Darien and had it forwarded to the insurance office handling both corporate entities; that he "knew" the reference to "Walsh Construction Company, Ltd." was incorrect, and that "Walsh Construction Company, Ltd." had nothing to do with the construction project in question"; and that he knew that "Walsh Construction Company, A Division of Guy F. Atkinson Company" was under contract for the hospital construction.

In a similar Nevada case, three factors were considered in determining if a pleading amendment merely

corrected a misnomer, rather than substituting a new party: (1) whether the proper party defendant had actual notice of the bringing of the action; (2) whether that defendant knew that it was the proper party defendant in the action; and (3) whether that defendant was not in any way misled to its prejudice. *Servatius* v. *United Resort Hotels,* 85 Nev. 371, 373, 455 P.2d 621 (1969). The court pointed out, inter alia, that the two corporations had the same resident agent, that they had overlapping directors, and that the corporations retained the same legal counsel. Accordingly, the court held that "the amendment did not bring in a new party defendant but merely correctly identified a party defendant already before the court." Id., 373–74.

Here, the defendant, through its agent Orr, had actual notice of the action brought, knew who was the proper party defendant in the action, and did not appear to have been misled, to its prejudice, by the plaintiff's misidentification of the party defendant.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.