[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S REQUEST TO AMEND COMPLAINT WHETHER NEW PARTY TO BE SUBSTITUTED
Plaintiff Georgette Fountain filed a complaint on July 5, 1989 alleging that defendant D'Addario Industries owned the premises at 925 Housatonic Avenue in Bridgeport where she fell and injured herself on November 12, 1987. In its motion for summary judgment[1] defendant D'Addario Industries, Inc. asserts that it was not the record owner of the property on November 12, 1987. In its affidavit attached to the motion, defendants' President, David D'Addario, states that the owner of the premises at the time of the accident was a partnership known as D'Addario Construction Company and not D'Addario Industries, Inc., and refers to a lease, as evidence of that fact.
The plaintiff has filed a request to amend the complaint by changing the name of the defendant from D'Addario Industries, Inc. to D'Addario Construction Company Partnership. Defendant, D'Addario Industries, Inc., has filed an objection to the request to amend. Both parties have submitted memoranda supporting their positions.
Plaintiff asserts in its request to amend that since David D'Addario is the President of D'Addario Industries, Inc. and is also one of the executors of Francis D'Addario's estate, which is a partner in D'Addario Construction Company Partnership, those entities are closely connected. Plaintiff contends that changing defendant's name from one to the other would constitute an amendment rather than a substitution of parties. Plaintiff, referring to David D'Addario's affidavit, also contends that the real party defendant, D'Addario Construction Company, had notice of the suit and knew it was the proper party to the action. Defendant contends that in cases that allowed amendment of a defendant's name, the real parties were sued and served with the original complaint. Defendant asserts that if the court allows this amendment, then no service of process will have been effected on the real party, the partnership known as D'Addario Construction Company, because process was served on D'Addario Industries, Inc. CT Page 2641
In a case in which a plaintiff was allowed to amend a complaint by changing the name of the defendant from J. Johnson Sons, Inc. to Joseph C. Johnson and Albert J. Johnson . . . co-partners . . . of J. Johnson Sons, the court held: "Under the circumstances, the situation is one where the parties who should have been sued really appeared and defended, although ostensibly another party was named, and the trial court committed no error in permitting amendment naming the real parties." Motiegaitis v. Johnson, 117 Conn. 631, a38 (1933). See also Ducy [Ducey] v. Walsh Construction Co.,6 Conn. App. 256 (1986). In each of those cases plaintiff in the original complaint used the wrong name to identify the actual defendant, the plaintiff filed a request to amend the complaint to reflect the defendant's true name, and the defendant remained the same business entity before and after the amendment.
The court has been unable to find any cases which allowed an amendment by replacing one entity with another. In Pack v. Burns, 212 Conn. 381 (1989), the court allowed the plaintiff to change the defendant from the transportation commission (a nonexistent entity) to the transportation commissioner. In that case, service of process of the original complaint was effected on the transportation commissioner, so he had notice of the suit. Using the three part test developed by the Nevada Supreme Court in Servatius v. United Resorts Hotels, 85 Nev. 371 (1969), the Connecticut Supreme Court found that plaintiffs' request to change the name of defendant from transportation commission, a nonexistent entity, to transportation commissioner was an amendment rather than a substitution of a party. The test to determine if a change involving parties constitutes an amendment is whether the proper party defendant: (1) had actual notice of the institution of the action; (2) knew that it was the proper defendant in the action, and (3) was not in any way misled to its prejudice." Id. at 385.
In Kaye v. Manchester, 20 Conn. App. 439 (1990), the court used the three part test to determine that amending the complaint to add Seader, chairman of the defendant board of education, as a party defendant, constituted substituting a new party rather than correcting a defect in defendant's name. "Although Seader had notice of the institution of the original action [service was effected on him], he was not a party to it, had no way of knowing that he was to be a party, and would be prejudiced by the passage of time if the amended complaint were to relate back." Kaye v. Manchester, 20 Conn. App. 439,446 (1990). CT Page 2642
In deciding this request to amend the court can not ignore certain apparent admissions contained in the pleadings which are inconsistent with defendant D'Addario's position that it is not the real party in interest in this litigation and that the requested amendment is one of substance rather than form. The President of D'Addario Industries, Inc. in his affidavit accompanying the motion for summary judgment states that a partnership known as D'Addario Construction Company and not D'Addario Industries, Inc. owned the premises where plaintiff allegedly fell and sustained injuries.
The affidavit further states that pursuant to a lease between the State of Connecticut and the D'Addario Construction Company Partnership, the State of Connecticut was responsible for the maintenance of the property on which he plaintiff allegedly fell and sustained her injuries. In its Answer, however, to plaintiff's Complaint, defendant D'Addario Industries, Inc. admits its ownership of the subject premises. In an Intervening Complaint the State of Connecticut alleges that D'Addario Industries, Inc. owned the premises on the date of plaintiff's alleged fall, and responding defendant D'Addario Industries, Inc. filed a Cross Claim against the State of Connecticut in which said defendant claims ownership but alleges that the State of Connecticut is responsible for plaintiff's injuries resultant from the latter's lease obligation for maintaining the premises.
In deciding whether to grant a motion allowing amendment to a pleading "[t]he essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." Smith v. New Haven, 144 Conn. 126, 132
(1956). The present apparently inconsistent positions of the defendant regarding ownership of the subject property does not rule out the possibility that it does not meet the criteria of Pack v. Burns, supra.
This Court concludes that justice requires a resolution of conflicting claims and positions regarding ownership of the subject property which can be effectuated after the requested amendment. A trial in this case is not imminent.
For the foregoing reasons, this Court grants plaintiff's request to amend her complaint.
CLARANCE J. JONES, JUDGE