[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST TO AMEND
The defendant filed a motion to dismiss this tax appeal on the ground that suit was not properly brought against the town of West Hartford, the citation only referred to the board of tax review. The motion argues that this court thus lacks subject matter jurisdiction and is the subject of a separate memorandum of decision filed by the court. Without conceding the merits of the motion to dismiss, the plaintiff now has filed a request to amend its complaint.
The plaintiff seeks to amend the complaint so that the caption of the case reads the plaintiff versus "Town of West Hartford." The plaintiff treats the matter as one of simple misnomer and mere use of an incorrect caption. It points to the fact that in actuality the town clerk was served with the complaint and everyone involved knew who the real parties in interest were. Much of this was dealt with in the motion to dismiss which the court has granted. Suffice it to say that the board of tax review and the town are two separate entities and the jurisdictional problem was created by the fact that in the citation the town was not made a party to this action, which is required by the statute permitting appeal. The question now is, if the court is confronted with a motion to dismiss based on subject matter jurisdiction, can it permit a motion to amend pursuant to PB 176?
The court agrees with a decision written by judge Lewis, Richard Banks Co., Inc. v. Andrew Bradley, 8 Conn. L. CT Page 10749 Rep. .511 (1993) wherein he decided that a plaintiff may not use 176 of the Practice Book to amend its complaint to correct a lack of subject matter jurisdiction once a defendant has filed a motion to dismiss based upon the jurisdictional defect. As the court noted, the language of Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297
(1982) bears directly on this issue.
 Whenever the absence of (subject matter) jurisdiction is brought to the notice of the court . . . . cognizance of it must be taken and the matter passed upon before it can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction.
The Banks case involved a complaint to foreclose a mechanics' lien. Mechanics' liens, like zoning appeals and appeals from boards of tax review, are creatures of a statute establishing rights that did not exist at common law. The requirements of these statutes must be strictly followed and if they are not because of failure to cite the proper party, Simko v. Zoning Board of Appeals, 205 Conn. 413
(1987), Southern New England Telephone Co. v. Board of Tax Review, 31 Conn. App. 155 (1993); Elm City Manufacturing Jewelers Inc. v. Town of North Haven Board of Tax Review, 9 Conn. L. Rep. 484 (1993), it is not appropriate for a trial court to in effect amend and ameliorate the applicable statutory language. There is much to be said for Justice Shea's dissent in Simko and the obvious discomfort of the court with its ruling in Southern New England Telephone Co. but correction of the harsh results appellate case law may have mandated must be corrected by the legislature.
The plaintiff cites Ducey v. Walsh Construction Co,6 Conn. App. 256 (1986) and Park v. Burns, 212 Conn. 381
(1989) where amendments were allowed for so-called misnomers.
In Park v. Burns the court found the plaintiff misnamed the commissioner of transportation and instituted the action against the "State of Connecticut Transportation Commission." The court noted this was merely a matter of "misdescription," . . . "there is no such entity as the transportation commission. It can be fairly assumed that CT Page 10750 the plaintiff did not intend to sue a non-existent commission." id. at page 385. The court referred to one of its earlier cases where suit was brought against "The Alliance Sandblasting Company." The trial court was held to have properly allowed an amendment which struck the name of the defendant as it originally appeared and substituted "Julius Goodman doing business under the name of the Alliance Sandblasting Company." The court in upholding the trial court said:
 the plaintiff's mistake was not as to the entity itself — not as to the party sued, but in describing what kind of an entity the defendant was; it sued the proper party but in so doing misdescribed that party, not in respect to name, but solely as to status, as being an artificial instead of a personal entity . . . . The change made by the amendment did not affect the identity of the party sought robe described, but merely made correct the description of the real party sued, it did not substitute or bring in a new party." World Fire Marine Insurance Co. v. Alliance Sandblasting Co., 105 Conn. 640, 642, 643 (1927)
The point is here that the town and the board of tax review are two separate entities and the plaintiff sued the wrong party or entity. All the notice in the world won't cure the fact that the wrong party not the right party was sued which is the controlling factor. When Park v. Burns talks about the notice issue it does so in only the following sense and asked only the following question: there is merely a misnomer here, a new party is not being substituted by the amendment, is there therefore any reason why the amendment shouldn't be allowed because the party didn't receive adequate notice? The court concluded the party had received notice and allowed the amendment, but the court was not saying that if the wrong party is sued an amendment is permissible to bring in the proper party merely because that party in fact received notice.
Section 52-123 C.G.S.A. is of no help to the plaintiff. Park v. Burns at page 386 noted that in Rogozinski v. American Food Service Equipment Corp.,211 Conn. 431 (1989) the court re-examined that statute and held that "the statute is used to provide relief from CT Page 10751 defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." id. 434. This case involves more than a defect in the text of the writ; it involves suing the wrong party.
The court feels constrained to deny the amendment as it felt compelled to grant the motion to dismiss. This is a peculiarly harsh result given the fact that there was actual notice and the town knew of and defended this action for months. In a more perfect system I would think these situations should be resolved by examining the issue of notice and actual prejudice. It seems to me that this is especially so when state and local governmental bodies are involved in actions with its own citizens and corporations. However, this is a trial court and the cases leave it little choice in this matter. The town has a right to take advantage of the rights that the case law gives to it and accordingly the amendment is not allowed.
Corradino, J.