[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT MCDONALD'S CORPORATION MOTIONFOR SUMMARY JUDGMENT
The defendant McDonald's Corporation has moved the court to enter a summary judgment against the plaintiff in the above-captioned matter.
The plaintiff is alleged to have sustained certain personal injuries when his chair fell over while he was patronizing the CT Page 7569 McDonald's Restaurant on Chase Avenue in the City of Waterbury on March 2, 1994.
The plaintiff commenced suit on December 31, 1995 by service upon the wife of the agent for service for Tara Enterprises, the presumed owner of said McDonald's restaurant.
On July 29, 1996 Judge Christine Vertefeuille granted the plaintiff's motion to cite in party defendant, McDonald's Corporation.
On October 17, 1996, the plaintiff caused to be served on the defendant, McDonald's Corporation, a copy of the amended complaint in which it alleged that McDonald's Corporation
 was and is "doing business as McDonald's have a business at 184 Chase Avenue in the Town of Waterbury, County of New Haven, State of Connecticut."
The defendant McDonald's Corporation, notes that the uncontroverted facts as set forth in the pleadings establish that the first notice which it received of this cause of action for personal injury was October 17, 1996, approximately two years and seven and one-half months after the injury complained of.
The defendant bases its motion for summary judgment on the plaintiff's failure to commence suit against it within the two year statutory period as provided in § 52-584, Connecticut General Statutes.
A motion for summary judgment is appropriate to raise a statute of limitations claim. See Doty v. Mucci, 238 Conn. 800,805 (1996). See also Girard v. Weiss, 43 Conn. App. 397, 415-416
(1996).
In that case, the Supreme Court found as permissible the filing of a motion for summary judgment at any time without the necessity of closing the pleadings. Specifically, the court noted "[i]f a defendant chooses to postpone raising a time limitation as a bar to the plaintiff's cause of action by way of a special defense, in favor of an earlier disposition by way of summary judgment, we see no reason why he should not be allowed to do so." Ibid, p. 416. CT Page 7570
The plaintiff maintains that this action is not barred by the statute of limitations because his claim against the defendant McDonald's Corporation relates back to the filing of the original complaint — one in which Tara Enterprises was the only named defendant and the only party served.
While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Jonapv. Silver, 1 Conn. App. 550, 555 (1984).
 "[I]f the amendment is deemed to be a substitution or entire change of a party, it will not be permitted." Id., citing Pack v. Burns, 212 Conn. 381, 384-85 (1989).
The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of three factors: They are that the proper party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action, and (3) was not in any way; misled to its prejudice." Pack v. Burns, Id., p. 385, citing Servatius v.United Resorts Hotels, 85 Nev. 371, 455 P.2d 621 (1969).
Having considered the foregoing, the court finds that the plaintiff's cause of action against McDonald's Corporation is barred by the statute of limitations and, for that reason, the defendant's motion for summary judgment is granted.
/s/ Joseph W. Doherty , J. JOSEPH W. DOHERTY, J.