[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Oleg Sokolov, a pro se plaintiff, instituted this action by way of a nine count complaint against Lorad Division of Trex Medical Co. (Lorad), Trex Medical Co.[1], and Thermotrex Co. Lorad has filed a motion to dismiss on the ground that it is merely a division of a corporation and, therefore, it is not a legal entity that may be sued. See ITT Semiconductors v.Matheson Gas, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 029553 (October 2, 1991, Maiocco, J.) (6 C.S.C.R. 947). See also World Fire MarineIns. Co. v. Alliance Sandblasting Co., 105 Conn. 640 (1927);Ducey v. Walsh Construction Co., 6 Conn. App. 256
(1986). As an independent ground for dismissal, Lorad argues that this court lacks subject matter jurisdiction over the plaintiff's conspiracy claims because those claims are based upon a criminal statute, to wit, § 53a-48(a) of the General Statutes. SeeKoennicke v. Maiorano, 43 Conn. App. 1 (1996);Crafts v. Rodgers, Superior Court, judicial district of Danbury, Docket No. 320808 (November 27, 1996, Stodolink, J.).
The plaintiff's memorandum in opposition concedes that Lorad should not have been sued because it is a division of Trex Medical. The plaintiff has requested permission to amend his complaint so that this defect may be corrected. Although the CT Page 4284 plaintiff also acknowledges that Lorad may not be sued under §53a-48(a), he maintains that the complaint sets forth sufficient claims for civil conspiracy. In response to the plaintiff's assertions, Lorad has stated that it would not oppose an amendment that deletes all references to Lorad as a defendant. Lorad further contends that the references to § 53a-48(a) should be eliminated.
In view of the plaintiff's concessions and the defendants' willingness to allow certain amendments, this court believes that justice would be best served by affording the plaintiff an opportunity to amend his complaint.[2] Accordingly, the plaintiff is directed to file an amendment that removes Lorad from the case caption and the headings of the individual counts. Moreover, all references to Lorad as a defendant shall be removed from the complaint. The plaintiff shall also amend the conspiracy counts so that it becomes clear that he is pursuing claims for civil conspiracy, not criminal conspiracy.[3] If the plaintiff fails to comply with this opinion within thirty (30) days from today's date, Lorad's motion to dismiss shall be granted.
Moraghan, J