[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Motion for Summary Judgment Colonial Carpet Tile, Inc. [279]
This is a negligence action for personal injuries sustained by the plaintiff, Judy Sandvig, on September 26, 1991. The original complaint is dated September 24, 1993. Carl Sandvig, coplaintiff, is Judy Sandvig's husband. Carl Sandvig seeks loss of consortium damages.
The complaint alleges Judy Sandvig fell in a hallway at the Jennings School in New London.
In the original complaint, two defendants were named, A. Dubreuil Sons, Inc. (Dubreuil) and "John Doe." The complaint alleged Dubreuil was the general contractor for a renovation project at the Jennings School. The complaint alleged Dubreuil created the condition which caused the plaintiff to fall.
The original complaint stated that "John Doe was a corporation, partnership, business, sole proprietorship or individual doing the tile work in the hallway in which the plaintiff fell at the Jennings School." Complaint, September 24, 1993, Count 3, paragraph 4, pp. 4-5. The complaint alleged John Doe created the condition which caused the plaintiff to fall.
To serve John Doe, at the instance of the plaintiffs, the Clerk ordered notice be published in The New London Day, a newspaper having a general circulation in the New London area. The published notice bore the caption of this case and said there was an action pending in the Superior Court for the Judicial District of New London. It stated:
 "NOTICE TO: JOHN DOE, an individual, corporation, sole proprietorship, business or contractor.
"The plaintiffs have named you as a party defendant in the complaint which they are bringing to CT Page 6496 the above-named court seeking money damages for personal injuries occurred on September 26, 1991 when Judy Sandvig was caused to trip and fall on defective condition caused by you in a hallway in the Jennings School in the City of New London."
Publisher's Certificate, October 12, 1993. [102]
Years later, plaintiff apparently learned that "John Doe" was in fact Colonial Carpet Tile, Inc. (Colonial Carpet). plaintiffs then filed an amended complaint to name Colonial Carpet instead of John Doe. Colonial Carpet was served with plaintiffs' Amended Complaint dated April 22, on May 17, 1996. See sheriff's return of service. [128]
Later, the plaintiffs filed a Revised Amended Complaint dated July 12, 1996. [134] It is the operative complaint in this action.
The Revised Amended Complaint, July 12, 1996, contains four counts. The first two counts are directed to the defendant, A. Dubreuil Sons, Inc. The third and fourth counts are directed to Colonial Carpet Tile, Inc.
The negligence allegations against Colonial Carpet are as follows:
 "5. The defendant, Colonial Carpet and Tile, Inc. by itself and/or through its agents, servants and/or employees negligently and carelessly created the defective condition as described in subparagraphs (a-f) of this paragraph 5, in the hallway in which the plaintiff fell in one or more of the following ways, inter alia,
 a) Left the tile floor unfinished exposing an area of the underlying rough and uneven cement; and/or
b) Failed to smooth the exposed cement; and/or
 c) Failed to cover the exposed cement with a temporary safe surface; and/or
d) Failed to finish the job by placing tile; and/or CT Page 6497
 e) Failed to warn of the defective condition; and/or
 f) Failed to cordon off the area in which the tiles were missing.
Revised Amended Complaint, July 12, 1996, page 5. [134]
Defendant, Colonial Carpet filed a Motion for Summary Judgment dated November 12, 1998. [279] In that motion Colonial Carpet claims plaintiffs' actions against Colonial Carpet are barred by C.G.S. § 52-584, the negligence, personal injury statute of limitations.
§ 52-584 reads as follows:
 "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." C.G.S. § 52-584.
Colonial Carpet had filed an earlier motion for summary judgment based on C.G.S. § 52-584. See Motion For Summary Judgment, August 15, 1996. [138] The issues raised in that motion are the same as those now before the court. In response to Colonial Carpet's August 15, 1996 motion, plaintiffs filed a "Preliminary Memorandum of Law In Opposition To Motion For Summary Judgment By The Defendant, Colonial Carpet Tile, July 18, 1997. [246] (Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997. [246]) Plaintiffs rely on that memorandum, including its many attachments (12 exhibits and copies of four cases) in opposing Colonial Carpet's November 12, 1998 motion for summary judgment which is now before the court.
Plaintiffs claim C.G.S. § 52-584 "is the incorrect time CT Page 6498 limitation to apply to construction cases." Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997, p. 2. [246] Plaintiffs assert:
 "In Connecticut, a contractor is liable for all foreseeable harm which results from his negligence. Coburn v. Lennox Homes, 173 Conn. 567, 378 A.2d 599
(1977). In using this time frame, Connecticut Courts have borrowed product liability time limitations; therefore, it extends beyond the two (2) year time limitation that the defendants set forth. Minton v. Kirsh, 34 Conn. App. 361, 367-8, 642 A.2d 18, 21. The proper time frame here is two years from the date of injury, as Connecticut Courts have used in Coburn v. Lennox Homes, 173 Conn. 567 (1977), Minton v. Knish, 34 Conn. App. 361, 642 A.2d 18 (1994), and originally established in Handler v. Remington Arms, 144 Conn. 316, 130 A.2d 793 (1957)." [Underlining in original.] Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997, p. 2. [246]
 Coburn v. Lennox Homes, Inc., 173 Conn. 567
(1977), is not germane to any issue in this case. There, plaintiffs bought a house from the original owners. The original owners had contracted with the defendant builder for the construction of the new house. The septic system failed soon' after the plaintiffs bought the house. Plaintiffs sued claiming under C.G.S § 52-163a, breach of contract, breach of implied warranties, and negligence. Section 52-163a[1] (now C.G.S. § 47-121) provides a cause of action against a builder of a new house for some defects occurring within three years of the issuance of a certificate of occupancy. The trial court had sustained demurrers as to all counts. The Supreme Court upheld the demurrers to the § 52-163a, breach of contract, and breach of implied warranty counts; it held the court erred in sustaining the demurrer to the negligence count. The Court held C.G.S. § 52-163a afforded a cause of action only for the builder's immediate buyer. Plaintiff had argued the three year period of limitation within § 52-163a meant that any purchaser buying within three years of the issuance of the certificate of occupancy had a cause of action under §52-163a. The court rejected this argument; only the original buyer had an action under § 52-163a. This is the only reference to a statute of limitations in Coburn v. Lennox Homes,
Inc., 173 Conn. 567 (1977). After the Supreme Court held the demurrer to the negligence count was not valid, the case was CT Page 6499 tried. There was another appeal. Coburn v. Lennox Homes, Inc.,186 Conn. 370 (1982). The second appeal did not involve any statute of limitations issue.
Coburn v. Lennox Homes, Inc. does not even touch upon any statute of limitations issue relevant to this case. NeitherCoburn v. Lennox Homes, Inc. or Minton v. Krish,34 Conn. App. 361 (1994) even discuss, much less hold, that Connecticut's courts have borrowed a product liability statute of limitations for negligence personal injury cases. These cases do hold that a contractor may be held liable to third parties after the owner has accepted the contractor's work; a change from prior law. See e.g., Bogoratt v. Pratt Whitney Aircraft Co., 114 Conn. 126
(1932). The court has no quarrel with the points decided inCoburn and Minton. Coburn v. Lennox Homes, Inc. and Minton v.Krish define substantive rights, they do not set time limitations within which those rights must be asserted. Neither case has anything to do with the issues in this case involving a statute of limitations, C.G.S. § 52-584. Neither Coburn or Minton are relevant to the issues before the Court. Neither case either hints at or alludes to what statute of limitations is applicable to an action of this type. Plaintiffs' assertions that Coburn v.Lennox Homes, Inc.[2] and Minton v. Krish[3] are authority on the statute of limitations issue in this case are unconvincing, unsupported, and just plain untrue.
Plaintiffs argue that the six year contract statute of limitations, C.G.S. § 52-576, should be used in deciding "the instant Motion for Summary Judgment." Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997, p. 14. [246] Plaintiff then claims: "On [Sic] her April 29, 1997 decision regarding plaintiff's amendments, Judge Handy applied a six year statute of limitations under C.G.S. § 52-576 to a contractor's liability, [Sic]" Preliminary Memorandum, etc., 7/18/1997, p. 14. [246]
This statement is inaccurate and misleading. Judge Handy did mention the six year statute of limitations of C.G.S. § 52-576
when denying plaintiff's March 7, 1997 attempt to add contract causes of action to this negligence action. Judge Handy stated that C.G.S. § 52-576 was [would be] applicable to the would be [proposed] contract counts rather than the provisions of C.G.S. § 52-584a (relating to architects and engineers) as plaintiff urged. Since even the six year statute of limitations had expired as of the time of plaintiff's attempt to add the CT Page 6500 contract counts, Judge Handy denied plaintiff's attempts to add the contract counts. Memorandum of Decision, April 29, 1997, 3-4. [191]
Judge Handy did not hold or even suggest the contract statute of limitations of C.G.S. § 52-576 had any application to this personal injury negligence action. In advocacy, zeal and inventiveness are often commendable; neither abrogates the obligation of candor with the court.
Despite plaintiffs bald, unconvincing and unsupported claims to the contrary, C.G.S. § 52-584 is the proper statute of limitations in this case.
The critical facts are repeated: (1) Judy Sandvig fell and was injured on September 26, 1991. (2) The writ, summons, and complaint were served on Colonial Carpet on May 17, 1996.
The law is quite clear: "[A]n action is commenced . . . when the writ . . . is served upon the defendant. Seaboard BurnerCorporation v. DeLong, 145 Conn. 300, 303, 141 A.2d 642;Consolidated Motor Lines, Inc. v. M M Transportation Co.,128 Conn. 107, 109, 20 A.2d 621; Spalding v. Butts, 6 Conn. 28, 30."Broderick v. Jackman, 167 Conn. 96 (1974). See also Hillman v.Greenwich, 217 Conn. 520, 527 (1991); Lacasse v. Burns,214 Conn. 464, 475 (1990), Howard v. Robertson, 27 Conn. App. 621 (1992).
Section § 52-584 has two branches. The first branch requires that the action be brought within two years of the date when the injury is first sustained. Judy Sandvig's injury was sustained on September 26, 1991. This action was not brought against Colonial Carpet until May 17, 1996, more than four and a half years after the alleged injury. This action against Colonial Carpet is barred by the first branch of § 52-584.
In view of the conclusion that this action is barred by the first branch of § 52-584, perhaps there is no need to discuss the second branch. However, the parties have done so. The court will do so too.
The second branch of § 52-584 states that no action may be brought more than "three years from the act or omission complained of. . . ." Judy Sandvig's injury was sustained on September 26, 1991. The negligence allegations against Colonial Carpet are quoted above. See pages 3-4. The verb in each CT Page 6501 specification — left, failed — is in the past tense. As alleged by plaintiffs, each act or omission complained was completed — had occurred — by the time Judy Sandvig fell on September 26, 1991. September 26, 1991 is the date of the action or omission complained of. The service on Colonial Carpet on May 17, 1996 was over four and a half years after the date of the act or omission complained of, September 26, 1991. Thus, under the second branch of § 52-584, this action is barred.
Colonial Carpet filed an affidavit by its vice president, Ronald Willert, in which Willert states that Colonial Carpet had completed all work at the Jennings School in the area where Sandvig is alleged to have fallen by no later than April 2, 1990. See affidavit of Ronald Willert, July 14, 1998, attached to Colonial Carpet's Memorandum in Support of Motion for Summary Judgment, November 12, 1998. [280]
Plaintiffs have not filed any affidavit to counter Willert's. Nor have they filed any other documents cognizable in this summary process proceedings which place Mr. Willert's fact assertion in issue. Plaintiffs' counsel acknowledged as much at oral argument. Thus, for the purposes of this summary judgment proceeding, there is no genuine issue of fact regarding Colonial Carpet's having completed all work in the subject area by April 2, 1990. This is more than six years before the action was brought against Colonial Carpet.
The court need not spend any time in considering whether Colonial Carpet had completed its work in April 1990, it means little here. The May 17, 1991 service on Colonial Carpet was well beyond three years after her fall on September 26, 1991. Even if it were established that the date of the Colonial Carpet's act or omission was before April 2, 1990, the result is the same. In other words, the action was barred because the date of the act or omission complained of was more than three years before the service on Colonial Carpet; the action is not "barred more" if the date of the act or omission complained of was earlier than September 26, 1991.
Plaintiffs contend Colonial Carpet had a continuing duty to complete the floors and to ensure those floors were in proper condition prior to leaving the work premises. If Colonial Carpet failed to leave the floors in proper condition, plaintiffs say Colonial Carpet had a continuing duty to warn Judy Sandvig of the defect. Plaintiffs convert this proposition into a claim that CT Page 6502 Colonial Carpet was engaged in a continuing course of conduct which tolled the statute of limitations. Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997, pp. 10-14. [246] In this connection, plaintiffs cite Blanchette v. Barrett, 229 Conn. 256
(1994). Id., 11.
Plaintiffs' construct gets them nowhere. Even if Colonial Carpet had a continuing duty to warn of the defective floor and breached that duty, as far as the plaintiffs are concerned, "the date of the act or omission complained of" was September 26, 1991, the date of Judy Sandvig's fall. The statute, even under plaintiffs' continuing duty to warn scenario began to run on September 26, 1991 even if Colonial Carpet's not warning of the claimed defect had been tolled by the claimed continuing course of conduct. Tolling, even if there were any, would have ended on September 26, 1991 when Judy Sandvig fell.
Plaintiff's seemingly contend that they effectively obtained service of process on the defendant, Colonial Carpet, in September or October, 1993 via Publication of Notice to John Doe in the New London Day. See pages 2-3, above.
Colonial Carpet is a corporation. Statutes provide for the manner in which service of process initiating a suit must be made on a corporation. See 52-57 (c).[4]
The publication of the notice to John Doe is not a recognized means of service of process on a corporation. The use of John Doe for the initiation of a suit has no sanction in our law.
Plaintiffs contend the addition of Colonial Carpet in 1996 was merely a substitution of a party.[5] Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997, Pp. 18-20. [246] plaintiffs claim this court permitted plaintiffs to substitute Colonial Carpet for John Doe. On April 23, 1996, plaintiff filed "Plaintiffs' Motion to Cite in Party Defendant and/or Motion to Substitute Correct Name of Party Defendant," April 22, 1996. [128] The title of the motion indicates that one form of relief plaintiffs Sought was a substitution of Colonial Carpet for John Doe. The actual claim for relief does not mention "substitution." It reads as follows:"
"WHEREFORE, the undersigned moves that the plaintiffs be allowed to amend their complaint to state facts CT Page 6503
 showing the interest of Colonial Carpet Tile, Inc. in this action, and that it be summoned to appear herein as a co-defendant and/or that the name of John Doe be changed to Colonial Carpet tile, [Sic] Inc." Id., p. 6. [128]
The motion was granted on May 13, 1996. "Substitution" is not mentioned in the order. The court's order provided:
 "Ordered, that on or before 5-30-96 the plaintiffs amend their complaint to state facts showing the interest of Colonial Carpet and Tile, Inc. in this action and summon Colonial Carpet and Tile, Inc. to appear as a defendant in this action on or before 6-11-96, by causing some proper officer to serve on it in the manner prescribed by law a true and attested copy of this order and a true and attested or certified copy of the complaint in this action as amended, and due return make." Order dated May 13, 1996 on Plaintiffs' Motion to Cite in Party Defendant, etc., April 22, 1996. [128]
The file shows plaintiffs' counsel signed a summons for Colonial Carpet Tile, Inc. on May 14, 1996. The summons directs that Colonial Carpet "answer unto the amended complaint." The Amended Complaint dated April 22, 1996 was filed with Plaintiffs' Motion to Cite in Party Defendant and/or Motion to Substitute Correct Name of Party Defendant, April 22, 1996. [128] The Amended Complaint dated April 22, 1996 "state[s] facts showing the interest of Colonial Carpet Tile, Inc. in this action." The sheriff's return shows Colonial Carpet was served on May 17, 1996.
Our law does permit a plaintiff to amend a complaint to correctly name a party defendant who has been served but incorrectly described. Pack v. Burns, 212 Conn. 381 (1989), was a suit under the defective highway statute.[6] The plaintiff initiated the suit against the "State of Connecticut Transportation Commission." Before suit, plaintiff had sent the commissioner the ninety-day notice required by the statute. The originally named defendant, "State of Connecticut Transportation Commission" moved to dismiss claiming the "Commissioner of Transportation" was the proper defendant and the "State of Connecticut Transportation Commission" did not exist. The court denied the motion to dismiss. Plaintiff moved to cite in the CT Page 6504 "Commissioner of Transportation, J. Williams Burns as the proper party defendant." The commissioner moved for summary judgment. The commissioner contended the two year statute of limitations had passed between the time of the injury and the time the plaintiff had him served as Commissioner." The trial court granted summary judgment.
The Supreme Court reversed.
 "The dispositive issue is whether the subsequent addition of the commissioner of transportation introduced a new party to the proceedings or simply corrected a misnomer in describing the party originally summoned to court. We conclude that it was a correction of a defect in description in the original writ, summons and complaint and that this amendment therefore related back to the timely service of the original writ, summons and complaint within the two year statute of limitations." Pack v. Burns, 212 Conn. 381, 384
(1989).
After reviewing cases from other jurisdictions, the Supreme Court stated the facts that weighed in favor of its holding.
"In the matter before us, it is evident that the plaintiff intended to sue the commissioner of transportation and that the commissioner knew that he was the intended defendant. First, all the parties agree that there is no such entity as the transportation commission. It can be fairly assumed that the plaintiff did not intend to sue a nonexistent commission. See Sharkiewicz v. Smith, 142 Conn. 410, 412, 114 A.2d 691 (1955). Second, the statutory notice required by General Statutes 13a-144 was properly furnished in this case and was directed to the "Honorable J. William Burns, Commissioner of Transportation." Third, service of the process that began the action was made at the office of the commissioner of transportation, upon an employee of the commissioner, who was authorized to accept service for him. Fourth, the complaint stated that "[t]he commissioner of transportation is responsible for the maintenance of all highways, bridges and sidewalks and it is the duty of such commissioner to keep and maintain the highways, bridges and sidewalks in a CT Page 6505 reasonably safe condition." (Emphasis added.) Finally, the motion to strike the original complaint stated: "[T]he proper party defendant . . . is the Commissioner of Transportation." (Emphasis added.)
 "The commissioner has not been misled to his prejudice. He has been represented by the same counsel throughout these proceedings and has fully participated in the defense of the action. He makes no claim of prejudice nor does our examination of the record disclose this to be the case." Pack v. Burns, 212 Conn. 381, 385-386 (1989).
In Kaye v. Manchester, 20 Conn. App. 439 (1990), the guiding principles are succinctly stated.
 "An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action.' Jonap v. Silver, 1 Conn. App. 550, 555, 474 A.2d 800
(1984). While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted. Pack v. Burns, 212 Conn. 381, 384-85, 562 A.2d 24 (1989). If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed. Id., 384. The test applied in order to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had notice of institution of the action, (2) whether the defendant knew he was a proper party, and (3) whether the defendant was prejudiced or misled in any way. Id., 385."
"The treatment by our courts of cases that deal with amendments illustrates the distinction between amendments that merely correct descriptive defects and those that create new causes of action. In Pack v. Burns, supra, a case heavily relied upon by both parties, the plaintiff instituted suit against the CT Page 6506 "State of Connecticut Transportation Commission, "a nonexistent entity. The plaintiff served her complaint on Commissioner William J. Burns and thereafter amended her complaint to correct the name of the defendant to be "the Commissioner of Transportation." The Supreme Court held that the amendment related back to the date of the original complaint because it merely corrected a "defect in description." Id., 384. The court held that "[t]he plaintiff's mistake was not as to the entity itself — not as to the party sued, but in describing what kind of entity the defendant was; it sued the proper party, but in so doing misdescribed that party . . . The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; it did not substitute or bring in a new party.' "(Emphasis added.) Id., 384, quoting World Fire Marine Ins. Co. v. Alliance Sandblasting Co., 105 Conn. 640, 643, 136 A. 681 (1927); see also Ducey v. Walsh Construction Co., 6 Conn. App. 256, 261, 504 A.2d 565
(1986)." Kaye v. Manchester, 20 Conn. App. 439, 444-445
(1990)
Clearly, the introduction of Colonial Carpet is a substitution under our law. Colonial Carpet was not given any notice of the suit until it was served on May 17, 1996. There can be no relation back. Insofar as Colonial Carpet is concerned, the action was entirely new as of May 17, 1996. The notice to the non-existent John Doe can not be construed as having any effect on Colonial Carpet. Notice to John Doe can not be analogized legitimately to the service on the "State of Connecticut Transportation Commission" which was intended to be on the "Commissioner of Transportation." Unlike the defendant commissioner in Pack v. Burns, Colonial Carpet did not have actual notice of the action via the publication of notice to John Doe. Plaintiffs make no claim Colonial Carpet actually knew it was a party to this action before it was served on May 17, 1996. And, as a matter of law, Colonial Carpet was prejudiced by the delay in making it a proper party to this suit after the expiration of the period of limitations of C.G.S. § 52-584.
Neither of our appellate courts have decided whether suit can be initiated against an unidentified defendant by use of a fictitious name such as "John Doe." In Ayala v. Smith,236 Conn. 89 (1996), the Supreme Court was faced with the issue. The Court CT Page 6507 stated: "The principal issue raised by this appeal is whether, under our rules of practice, a plaintiff may maintain an action against a defendant whose identity is unknown to the plaintiff and is therefore referred to as `John Doe.'" 236 Conn. § 90. While the appeal was pending, events occurred which rendered the case moot.
There are no reported cases of the superior court which sanction the fictitious name procedure. All the superior court cases which have faced the issue hold that the fictitious name procedure is invalid. For a recent scholarly, but fun, discussion of the issue, see, Brock v. A-1 Auto Service, Inc.,45 Conn. Sup. 525 (December 11, 1998). Even the four cases plaintiffs attached to their brief hold that notice to John Doe is invalid as service upon the true defendant. The fictitious name procedure is not rooted in any statute or rule. It seems born of desperation. The procedure does not alert the real defendant that he has been sued. Such a procedure is totally lacking in fairness to the real defendant. The court holds the notice by publication to "John Doe" was totally ineffective as a commencement of this action against Colonial Carpet. Nor did the notice effect a tolling of C.G.S. § 52-584. The publication was a nullity as far as Colonial Carpet is concerned.
Plaintiffs contend that this case is to be distinguished from the superior court cases which have held that "John Doe" service is invalid. In this case, according to plaintiffs, notice to John Doe was published in a New London newspaper. Plaintiffs have not demonstrated how this would make any difference. Nor have they cited any authority whatsoever which would support their contention.
The publication of notice to John Doe was a contrivance; it had no salutary effect on plaintiffs' case against Colonial Carpet.
Plaintiffs state: "The plaintiffs used the Order of Notice provision to obtain jurisdiction under Practice Book Sections 199 to 203." [Now, sections 11-4 through, 11-6.] Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997, p. 18. [246] Plaintiffs also cite C.G.S. § 52-52. Id. None of these provisions sanction the John Doe device plaintiffs invented to effect service on Colonial Carpet.
Plaintiffs state: CT Page 6508
 "The fact that the plaintiffs gave notice of their claim by describing the defendants as they did under the Order of Notice Statute provides sufficient service, and the statute of limitations was tolled at that point." Preliminary Memorandum re Colonial Carpet, etc., 7/18/1997, p. 20. [246]
As a viable legal proposition, plaintiffs' statement is poppycock. The court is not aware of any "Order of Notice Statute." Plaintiffs have not identified it by any proper title or name, section number or quoted its text. This is probably because there is no such statute. Nor has the court found any statute which provides that publication of a notice such as plaintiffs caused in this case "provides sufficient service, and the statute of limitations was tolled at that point." If there were such a statute, it would behoove the plaintiffs to have informed the court of the section number and perhaps quoted the text thereof. This a critical claim for the plaintiffs. If there is such a statute, hands down, it would defeat Colonial Carpet's instant motion for summary judgment based on statute of limitations, C.G.S. § 52-584. Important as such a statute would be to the survival of plaintiffs' case against Colonial Carpet, it is surprising that the plaintiffs have left it to the court to divine this statute. The court has been unable to find it although it has tried mightily. It is disconcerting that the plaintiffs failed to share this vital information with the court!
Plaintiffs also rely upon C.G.S. § 52-123.[7] That statute permits some grace for circumstantial errors. However, such relief may only be permitted "if the person and the cause may be rightly understood and intended by the court." The newspaper notice to John Doe as notice to or service of process on Colonial Carpet is not a circumstantial error. Plaintiffs intentionally had the notice published naming "John Doe." It was a calculated move; it can hardly be deemed a "circumstantial error." Nor would anyone rightly understand that "John Doe" was actually Colonial Carpet.
Section 52-123 "is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." Rogozinskiv. American Food Service Equipment Corporation, 211 Conn. 431,434 (1989). Regarding Colonial Carpet, there was no service of process in 1993. Section 52-123 gets plaintiffs nowhere. CT Page 6509
Plaintiffs claim that Colonial Carpet waived its right to assert the statute of limitations defense because it failed to move to dismiss the action within 30 days of the filing of an appearance by Colonial Carpet. Plaintiff relies on Practice Book § 10-30 et seq.[8]
Colonial Carpet does not claim that this Court lacks personal jurisdiction over it. A statute of limitations defense does not attack jurisdiction. Thus, there was no need for Colonial Carpet to raise it within 30 days of its appearance. Under our rules the statute of limitations is raised by special defense. P.B. §10-50. It is improper to raise it by a motion to dismiss. RossRealty Corporation v. Surkis, 163 Conn. 388, 391 (1972)
The Defendant, Colonial Carpet Tile, Inc., is entitled to Summary Judgment. Summary judgment is granted.
Judgment shall enter against the plaintiffs and for the defendant, Colonial Carpet Tile, Inc.
Parker, J.